■ Santa A. Kurz, Appellant, v Stuart Arnold et al., Respondents, et al., Defendant. [635 NYS2d 514] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated June 17, 1994, which, upon an order of the same court dated October 29, 1993, dismissing the complaint insofar as it is asserted against the defendants Stuart Arnold and Stuart Arnold, P. C., upon the plaintiff's default in appearing at two conferences and an order of the same court dated December 14, 1993, denying the plaintiff's motion to vacate her default, is in favor of the defendants Stuart Arnold and Stuart Arnold, P. C., dismissing the complaint insofar as it is asserted against them. The appeal from the judgment brings up for review so much of an order of the same court dated August 29, 1994, as, upon reargument, adhered to the original determination *(see,* CPLR 5517).

Ordered that the appeal from the judgment is dismissed on the ground that it was superseded by the order dated August 29, 1994, made upon reargument; and it is further,

Ordered that the order dated August 29, 1994, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the respondents' contention, the judgment, which was entered after the plaintiff's motion to vacate her default was denied, is appealable *(see, e.g., Fucci v Fucci,* 166 AD2d 551; *Katz v Katz,* 68 AD2d 536, 541). Moreover, the order dated August 29, 1994, which was made upon reargument of the plaintiff's motion to vacate her default, is brought up for review on the appeal from the judgment *(see,* CPLR 5517; *Conklin v Town of Ramapo,* 214 AD2d 639).

The plaintiff failed to establish a reasonable excuse for her default or a meritorious cause of action. The affidavit of merit submitted by the plaintiff upon reargument contains bare and conclusory allegations that fail to establish that the respondents' conduct was a deviation from accepted medical practice (see, *Cohen v TLC Women's Servs.,* 157 AD2d 764; *Bergan v Home for Incurables,* 124 AD2d 517; *Romanoff v St. Vincent Hosp. & Med. Ctr.,* 97 AD2d 382). Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.