■ LILLIAN GONZALEZ et al., Respondents, v FIRST NATIONAL SUPERMARKET, INC., Appellant. [648 NYS2d 1017] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals, by permission, from an order of the Appellate Term, Second and Eleventh Judicial Districts, dated June 29, 1995, which affirmed an order of the Civil Court, Kings County (Knipel, J.), entered June 9, 1994, granting the plaintiffs' motion, *inter alia,* to vacate the dismissal of the action and restore the action to the trial calendar.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiffs' motion, *inter alia,* to vacate the dismissal of the action is denied.

The plaintiffs commenced the instant action seeking, *inter alia,* to recover damages for injuries allegedly sustained when the plaintiff Lillian Gonzalez fell in the defendant's store. The action was dismissed pursuant to CPLR 3404 in June 1992, having been marked off the calendar in April 1990. In February 1994, the plaintiffs moved to strike the defendant's answer, and the defendant cross moved for sanctions based upon the dismissal two years earlier. In response to the cross motion, the plaintiffs moved to vacate the dismissal and restore the case to the trial calendar. The Civil Court, Kings County, *inter alia,* granted that relief, and the Appellate Term affirmed that order. We reverse.

A court, in a proper exercise of discretion, may grant a motion to vacate a dismissal pursuant to CPLR 3404, provided that the plaintiff carries his or her affirmative burden of establishing that: (1) a meritorious cause of action exists, (2) there was a reasonable excuse for the delay, (3) there was no intent to abandon the action, and (4) there is no prejudice to the defendant *(see, Knight v City of New York,* 193 AD2d 720). All four requirements must be met to vacate a dismissal pursuant to CPLR 3404 *(see, Ornstein v Kentucky Fried Chicken,* 121 AD2d 610).

The plaintiffs in this case have failed to meet their burden, and their action should not have been reinstated. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.