(April 5, 2001)

■ To YIU YEUNG et al., Appellants, v CITY OF NEW YORK et al., Defendants, and Edmond A. McPhee, Respondent. [722 NYS2d 382] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered on or about November 5, 1999, which denied plaintiffs' motion to vacate the default judgment against them and for leave to oppose McPhee's motion to dismiss, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint against defendant McPhee reinstated.

Plaintiffs demonstrated a reasonable excuse for their default and a meritorious claim (CPLR 5015 [a] [1]); *Mediavilla v Gurman*, 272 AD2d 146). Their uncontested affidavits and the police reports of the accident establish the meritoriousness of their cause of action. Counsel's terse explanation of law office failure does not preclude the court from exercising its discretion to excuse the default (CPLR 2005; *id.*). McPhee's contention that counsel's failure to oppose the motion to dismiss was part of a practice of willful neglect is without merit. From the time of the service of the summons and complaint until the time of the motion to dismiss, counsel was engaged in negotiations with McPhee's insurer to settle the matter as to him (*see, e.g., Rivera v Shlagbaum*, 204 AD2d 524). Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.