■ Owen Levy, Respondent, v New York City Housing Authority, Appellant. [731 NYS2d 20] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 18, 2000, which granted plaintiff's motion to restore the action to the preliminary conference calendar, unanimously affirmed, without costs.

The order dismissing the action on account of plaintiff's failure to appear at a preliminary conference was properly vacated, and the action restored to the conference calendar, upon a showing by plaintiff of a reasonable excuse for his failure to so appear and a meritorious cause of action (22 NYCRR 202.27; CPLR 5015 [a] [1]). A reasonable excuse was provided through plaintiff's attorney, who affirmed that he was not given notice of the conference and first learned of its scheduling when he searched the court's files after receiving no response to his own request for a preliminary conference. Significantly, plaintiff's attorney's adversary also did not appear at the conference, and plaintiff's attorney promptly contacted the court after learning of the default in an effort to get the case returned to its proper footing. Concerning the merits, plaintiff's affidavit states that he sustained a herniated disc at C7-T1 and developed radiculopathy at L5-S1 as a result of being knocked down by defendant's scooter while walking on a sidewalk. While plaintiff's claim that such injuries are "serious" within the meaning of Insurance Law § 5102 [d]) is not supported by an expert's affidavit or medical records, we note that defendant's opposition, consisting only of its attorney's affirmation, itself fails to make any kind of evidentiary showing on the issue of serious injury (see, Ronsco Constr. Co. v 30 E. 85th St. Co., 219 AD2d 281, 284), and that the issue is raised in the context of a motion to restore, not a summary judgment motion to dismiss for lack of serious injury. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.