*782 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
The instant case was struck from the calendar on June 11, 1998 pursuant to 22 NYCRR 208.14 (b) (3). On August 31, 1999, the case was “dismissed” pursuant to “CPLR 3404.” On or about January 27, 2000, plaintiff moved to restore the case pursuant to “CPLR 3404,” which motion was granted. We affirm.
We note initially, as this court stated in Sanusi v City of New York (NYLJ, Nov. 25, 1997, at 27, col 6 [App Term, 2d & 11th Jud Dists]), “[t]here is no longer a provision in the Uniform Rules for Trial Courts for automatic dismissal of abandoned cases as the prior Rules of the Civil Court * * * did (22 NYCRR 2900.17), and as CPLR 3404, applicable to supreme court and county court cases, still does.” CPLR 3404 provides in pertinent part: “A case in the supreme court or a county court marked ‘off or struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed * * * The clerk shall make an appropriate entry without the necessity of an order.” Since the automatic dismissal provision of CPLR 3404 expressly applies only to Supreme Court and County Court cases, there can be no automatic dismissal of the case pursuant to CPLR 3404. Accordingly, the “dismissal” of the case entered by the clerk of the court pursuant to “CPLR 3404” was ineffective.
In our opinion, the court properly granted plaintiffs motion to restore the case to the trial calendar. 22 NYCRR 208.14 (c) provides in pertinent part: “Actions stricken from the calendar may be restored to the calendar * * * by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.” In the instant case, plaintiff took no action from the date the case was marked off the calendar in June 1998 until he moved to restore the case to the calendar in January 2000. Since plaintiff did not move to restore within one year, he was required to show, inter alia, a reasonable excuse for the delay and the merits of the case (Lang v Wall St. Mtge. Bankers, NYLJ, June 10, 1999, at 32, col 1 [App Term, 2d & 11th Jud Dists]; cf., Yacono v Waterman S. S. Co., 216 AD2d 556; Kopilas v Peterson, 206 AD2d 460; Civello v Gross- *783 man, 192 AD2d 636). Upon a review of the record, we find plaintiffs moving papers sufficient to warrant the relief requested (cf., Iazzetta v Vicenzi, 243 AD2d 540).
Patterson, J. P., Golia and Rios, JJ., concur.