■ DANIEL HARWOOD et al., Respondents, v BASKAR CHALIHA, Also Known as BHASKAR CHALIHA, et al., Defendants, and RYM-B, INC., Appellant. [737 NYS2d 359] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about February 9, 2001, which, insofar as appealed from, denied appellant's motion brought pursuant to CPLR 5015 to vacate an order of the same court and Justice dated November 17, 2000, which, sua sponte, dismissed appellant's counterclaim, with prejudice, pursuant to 22 NYCRR 202.27, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion to vacate granted and the counterclaim reinstated.

In light of our preference to dispose of cases on the merits (*see, Santora & McKay v Mazzella*, 211 AD2d 460, 463), we find that the Supreme Court improvidently exercised its discretion in denying appellant's motion to vacate the prior order dismissing its counterclaim. An order dismissing a claim pursuant to 22 NYCRR 202.27, based on a party's failure to appear at a calendar call, should be vacated where the party shows a reasonable excuse for the default and a meritorious cause of action (*see, Telep v Republic El. Corp.*, 267 AD2d 57).

Appellant's attorney's failure to appear at the adjourned pretrial conference amounted to, at worst, law office failure, which can constitute a reasonable excuse (*see, CPLR 2005; Telep, supra*), especially where, as here, counsel explained he had no entry of the adjourned date in his personal or office diary, he had spoken with opposing counsel several days earlier and no mention was made of the upcoming conference, and, when informed that morning of the conference, he immediately offered to go to court. Moreover, in addition to the excusable nature of the default, appellant submitted an affidavit setting forth a meritorious counterclaim. Concur—Saxe, J.P., Lerner, Buckley, Friedman and Marlow, JJ.