OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and plaintiffs motion to restore the action to the trial calendar denied without *44 prejudice to renewal upon proper papers.
22 NYCRR 208,14, governing calendar defaults, restorations and dismissals in the New York City Civil Court, provides in subdivision (c) in pertinent part as follows:
“Actions stricken from the calendar may be restored to the calendar * * * by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.”
Where the motion to restore is not made within one year after the action is stricken, the movant is required to show, inter alia, a reasonable excuse for the delay and the merits of the claim, since the motion to restore in that event is akin to a motion to vacate a default (see, LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781; cf., Basetti v Nour, 287 AD2d 126). Contrary to defendant’s contention, inasmuch as the motion to restore herein was made within one year after the action was stricken from the calendar, plaintiff was not required to demonstrate the merits of his claim (see, Micron Dev. & Mgt. Corp. v Williams, NYLJ, Mar. 10, 1998, at 29, col 3 [App Term, 9th & 10th Jud Dists]).
Nonetheless, the affirmation by plaintiff’s attorney, which asserted in a conclusory fashion that the delay was due to plaintiff’s “illness,” fails to comply with the requirements set forth in the rules governing restoration of a case to the calendar in the Civil Court. Plaintiff’s attorney is not a “person having firsthand knowledge,” and the general allegation of plaintiff’s “illness” without any further elaboration or substantiating facts is insufficient to establish a satisfactory reason for the action having been stricken from the calendar. There is, moreover, no demonstration of present readiness for trial. Accordingly, the motion should have been denied without prejudice to renewal upon proper papers.
Aronin, J.P., Patterson and Rios, JJ., concur.