■ Shirley Jones, Respondent, v New York City Transit Authority et al., Appellants. [740 NYS2d 320] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about May 22, 2000, which, inter alia, granted plaintiff's cross motion to vacate her default and restore her action to the conference calendar and denied defendants' motion to preclude plaintiff from offering evidence at trial for her failure to serve a timely bill of particulars, unanimously affirmed, without costs.

Plaintiff's default, based on her failure to appear at a preliminary conference, was properly vacated. It appears that the parties had no notice of the conference date and, in fact, that they were, at the time of the scheduled conference, in the midst of complying with a preliminary conference order directing plaintiff's deposition (see, Telep v Republic El. Corp., 267 AD2d 57). In addition, the records of plaintiff's treating chiropractor, the transcript of the General Municipal Law § 50-h hearing and the reports of defendants' physicians sufficiently demon-

strate that plaintiff has a meritorious cause of action (*see, Levy v New York City Hous. Auth.*, 287 AD2d 281).

Also proper was the denial of defendants' motion to strike plaintiff's pleadings. Although plaintiff's service of her bill of particulars was delayed for a lengthy period, defendants have not made the showing requisite to the drastic relief they seek, that plaintiff's delay was wilful, contumacious or due to bad faith (*see, Dauria v City of New York*, 127 AD2d 459, 460). Finally, defendants' contention, that they would be prejudiced if this matter were allowed to proceed, is unpersuasive in light of the fact that a General Municipal Law § 50-h hearing was held eight months after plaintiff's accident, at which defendants' counsel questioned plaintiff about how the accident occurred and the extent of her injuries (*see, Hassan v Manhattan & Bronx Surface Tr. Operating Auth.*, 286 AD2d 303, 305). Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.