■ POLIR CONSTRUCTION, INC., Appellant, v MAKS ETINGIN et al., Respondents. [747 NYS2d 20]

---

510

Plaintiff commenced this action to recover $107,082.36 allegedly due and owing for goods and labor provided in connection with construction projects at three properties owned by defendants. Plaintiff served interrogatories in October 1998, and defendants served their responses in January 1999. Dissatisfied with defendants' responses, plaintiff moved to strike their answers. Upon defendants' failure to appear at a February 26, 1999 calendar call, the IAS court conditionally granted plaintiff's motion, on default, unless defendants provided the requested discovery within 30 days. Subsequently, the court granted defendants' motion to vacate their default with plaintiff's consent.

On May 21, 1999, the court so-ordered a stipulation between the parties whereby defendants were directed to serve their answers to interrogatories by June 22, 1999. The parties appeared at a conference on January 14, 2000, and defendants had still not served their responses to the interrogatories. A preliminary conference order was executed requiring defendants to serve their responses within 30 days, granting plaintiff leave to renew its motion to strike on 72 hours notice should defendants fail to comply and directing plaintiff to file a note of issue by April 24, 2000.

On March 27, 2000, plaintiff failed to appear for a scheduled calendar call and the IAS court dismissed the action.

By motion dated April 6, 2001, plaintiff moved to vacate its default and to restore the action to the court's calendar. In support of the motion, counsel submitted an affirmation stating that due to the replacement of associates at her firm, she was unaware that the case had been calendared for March 27, 2000 and only learned of the dismissal when she discovered the dismissal order in the court file.

Plaintiff also submitted an affidavit of merit by Kevin Minihan (Minihan), its vice-president, stating in substance that plaintiff had furnished goods and labor in connection with several construction projects at three identified properties owned by defendant; that by July 21, 1993 plaintiff had delivered all of the goods and fully performed all of the services required for the projects; that at the completion of the projects there was a balance owed to plaintiff of $107,082.36 and that defendants have refused to tender payment despite plaintiff's demands.

In opposition, defendants submitted an affirmation of counsel arguing that plaintiff had failed to present a reasonable excuse for its default and proof of a meritorious cause of action. At oral argument, the IAS court ruled that plaintiff's affidavit of merit was vague and conclusory, but granted plaintiff an opportunity to submit a supplemental affidavit setting forth in greater detail the merits of its case. Defendants were granted an opportunity to reply to any supplemental affidavit.

In compliance with the court's ruling, Minihan submitted a supplemental affidavit stating: (1) on or about November 10, 1992, plaintiff entered into an oral agreement with Stephen Zaiman, agent for the defendants, following the submission of written work proposals, to provide construction and renovation work at premises located in Queens and New York Counties; (2) the work materials consisted of furnishing and installing materials for kitchens and bathrooms, plumbing work, gutting the inside of apartments, repairing windows, replastering, installing electrical wiring and electrical outlets and erecting walls; (3) the work and materials were provided to the premises at different times, after which defendants had the opportunity to inspect; (4) defendants did not object to the work and requested that plaintiff continue to provide similar services to additional apartments; (5) as the work progressed plaintiff provided bills to defendants, who made partial payments; and (6) the work was completed and defendants owed a balance of $34,398.81 on premises located at 144-20 77th Road, Flushing, Queens, $39,273.55 on premises located at 102-62 67th Road, Forest Hills, Queens and $33,410 on premises located at 645 West End Avenue, New York, New York.

Defendants' counsel submitted an affirmation in opposition stating that plaintiff's supplemental affidavit failed to remedy the prior defects in that it failed "to identify the specific work alleged to be done, and the specific nature of the work as it pertains to individual properties." The IAS court denied plaintiff's motion to vacate, finding that its supplemental affidavit was "devoid of any significant new allegations or evidence concerning the actual work performed at the various locations." We reverse.

The dismissal of an action pursuant to 22 NYCRR 202.27 based upon a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action (*Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410; *Harwood v*

*Chaliha*, 291 AD2d 234; *Perez v New York City Hous. Auth.*, 290 AD2d 265).[1]

Contrary to the IAS court's finding, plaintiff has sufficiently demonstrated that its cause of action has merit. Its supplemental affidavit set forth the existence of a contractual relationship between plaintiff and defendants, the nature of the work to be done, the dates the work was completed, the locations where the work was performed, partial performance by the defendants, a breach by the defendants and the total damages claimed. These allegations were sufficient to meet the "minimal showing" required on a motion to restore (*see Enax v New York Tel. Co.*, 280 AD2d 294, 295 [plaintiff's affidavit stating time, date and location of accident, what he was doing when the ladder collapsed, that he was injured as a result, and the regulations violated was sufficient to show merit of causes of action under Labor Law]; *see also Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 284 [plaintiff's "factually scant" showing as to merit of its cause of action sufficient since all it need show is a "substantial possibility of success in the action"]; *R.I.C.E. Corp. v Metropolitan Life Ins. Co.*, 288 AD2d 148 [owner's submission of contract and affidavit of property manager based on review of files kept at time of construction work was sufficiently specific to make a prima facie showing that claims in negligence and indemnification had merit]).

Significantly, in their opposition to the motion to restore, defendants do not deny the existence of a contractual relationship, do not refute plaintiff's assertions that the work was completed at the three premises and do not deny their partial payment for the work (*see Levy v New York City Hous. Auth.*, 287 AD2d 281 ["serious injury" claimed in plaintiff's affidavit of merit was sufficient despite absence of medical affidavit where defendants' opposition itself fails to make any evidentiary showing on issue of serious injury]; *Ronsco Constr. Co.*, 219 AD2d at 284 [plaintiff's affidavit of merit sufficient, particularly where opposing affidavits offer nothing to dispute the merit of the cause of action]).

The IAS court's holding on this motion to restore went well beyond merely requiring plaintiff to demonstrate a prima facie case. Although plaintiff may well have difficulty proving all of its claimed damages at trial, plaintiff's supplemental affidavit

---

1. The IAS court's dismissal could not have been pursuant to CPLR 3404 because no note of issue had been filed (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 199, *lv dismissed* 96 NY2d 937); nor was it pursuant to CPLR 3216 because no 90-day demand had been served (*Johnson v Sam Minskoff & Sons*, 287 AD2d 233, 237).

was more than sufficient to establish the merit of its breach of contract cause of action at this juncture (*see Barasch v Micucci*, 49 NY2d 594, 599 [while as a general rule, affidavits of merit must be sufficient to establish prima facie that plaintiff has a good cause of action, there can be no rigid standards in this context]). As plaintiff's supplemental affidavit of merit was neither vague nor conclusory (*cf. Kurz v Arnold*, 222 AD2d 413, 414, *appeal dismissed* 87 NY2d 968), the IAS court improvidently exercised its discretion in finding to the contrary.

Although the IAS court found it unnecessary to rule on the sufficiency of plaintiff's excuse, we find that a reasonable excuse for the default was adequately stated (*see Harwood v Chaliha*, 291 AD2d at 234; *Levy v New York City Hous. Auth.*, 287 AD2d at 281). Plaintiff's counsel's assertion that the replacement of associates at her firm was responsible for missing the calendar call amounted to no more than excusable law office failure (CPLR 2005, 5015 [a] [1]), and was not part of a pattern of dilatory behavior (*see Latha Rest. Corp. v Tower Ins. Co.*, 285 AD2d 437).[2] Indeed, defendants are in no position to complain about delay occasioned by plaintiff where their own laxity in responding to plaintiff's discovery requests nearly resulted in the court's striking their answer. Concur—Mazzarelli, J.P., Lerner, Rubin, Marlow and Gonzalez, JJ.

---

**2.** Although CPLR 5015 (a) (1) requires that a motion to vacate a default be made within one year after entry or service of the dismissal order, a court has the discretionary power to vacate a default even after the year has expired (*Johnson v Sam Minskoff & Sons*, 287 AD2d at 236).