OPINION OF THE COURT
Jo Ann Friia, J.
In this case, the court is called upon to determine the burden a plaintiff must satisfy in order to vacate a dismissal of an action occasioned by counsel’s failure to appear at a duly scheduled pretrial conference. Critical to the outcome of this motion is an analysis of the calendar control devices available *198 to specific trial courts when a party fails to appear for a scheduled conference and the evidentiary requirements which flow therefrom when a defaulting party seeks redress from such a transgression.
Procedural Background
This action was commenced in Supreme Court, Westchester County, on August 8, 2000 (CPLR 304). Issue was joined on October 10, 2000 and a request for judicial intervention was filed on November 24, 2000 (22 NYCRR 202.6). In May 2001 the action was certified ready for trial and a note of issue was filed on June 15, 2001 (22 NYCRR 202.21). By order dated October 22, 2001 the action was transferred to the City Court pursuant to article VI, § 19 (a) of the New York State Constitution. Upon receiving the file, the City Court Clerk mailed notice to counsel of record advising that a pretrial conference was scheduled for December 7, 2001 (22 NYCRR 210.22). At counsel’s request, the pretrial conference was adjourned until February 21, 2002. The pretrial conference was adjourned for a second time on consent and rescheduled for April 10, 2002. On the pretrial conference date, counsel for plaintiff failed to appear or otherwise contact the City Court and the action was dismissed pursuant to section 210.14 (2) of the Uniform Rules for Trial Courts (22 NYCRR 210.14 [2]). On November 1, 2002, plaintiff moved to restore the action to the calendar. By order dated November 7, 2002, plaintiff’s request was denied due to untimely notice of motion (see Bianco v LiGreci, 298 AD2d 482 [2d Dept 2002]). Having now provided defendant with proper notice of the instant motion, plaintiff again moves to restore the action to the calendar.
The Supreme Court
CPLR 3404 provides that cases in the Supreme Court marked off or stricken from the calendar and not restored within one year thereafter shall be deemed abandoned and dismissed. This calendar control device may be relied upon to strike a case from the trial calendar where the plaintiff fails to attend a scheduled conference (see Cruz v Volkswagen of Am., 277 AD2d 340 [2d Dept 2000]).
A motion to restore an action within one year of it being marked off the trial calendar should be granted automatically and without conditions (see Acheson v Shepard, 297 AD2d 271 [2d Dept 2002]; Mannino v Huntington Hilton Hotel, 295 AD2d 577 [2d Dept 2002]; Litras v Litras, 293 AD2d 655 [2d Dept *199 2002]; Basetti v Nour, 287 AD2d 126 [2d Dept 2001]). However, where a motion to restore is made more than one year after the case is marked off, a party must demonstrate a reasonable excuse for the delay in seeking restoration, a meritorious claim, a lack of intent to abandon the action, and a lack of prejudice to the opposing party (see St. Claire v Gaskin, 295 AD2d 336 [2d Dept 2002]; Basetti v Nour, supra).
Authority for the dismissal of an action based upon a plaintiffs failure to attend a court conference can also be found in section 202.27 of the Uniform Rules for Trial Courts (22 NYCRR 202.27). Applicable to civil actions and proceedings in the Supreme Court, this rule provides as follows:
“At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge may note the default on the record and enter an order as follows:
“(a) If the plaintiff appears but the defendant does not, the judge may grant judgment by default or order an inquest.
“(b) If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a severance of counterclaims or cross-claims.
“(c) If no party appears, the judge may make such order as appears just.”
When a plaintiffs case is dismissed pursuant to 22 NYCRR 202.27 (b) it may only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action (see Syed v Fedor, 296 AD2d 399 [2d Dept 2002]; Polir Constr. v Etingin, 297 AD2d 509 [1st Dept 2002]; see also Gagen v Kipany Prods., 289 AD2d 844 [3d Dept 2001] [defendant’s motion to vacate]).
The Civil Court and District Court
Similar to 22 NYCRR 202.27, which is applicable only in the Supreme Court, both the Civil Court and District Court have a rule permitting the dismissal of an action based upon a plaintiffs failure to attend a scheduled conference (see 22 NYCRR 208.14, 212.14). Unlike 22 NYCRR 202.27, these lower court rules also contain an analog to CPLR 3404 which permits a plaintiff to move to restore a case stricken from the calendar (see 22 NYCRR 208.14 [c]; 212.14 [c]).
Such a motion to restore, made within one year after the action is stricken, must be supported by an affidavit explaining *200 the reasons for the action having been stricken and showing that it is presently ready for trial (see 22 NYCRR 208.14 [c]; 212.14 [c]). The motion need not contain an affidavit of merit (see Guzman v Members Am. Credit Union, 172 Misc 2d 192 [Civ Ct, Queens County 1997]; compare McEvoy v 1202 Realty Assoc., 2002 NY Slip Op 50004RJ]). When such a motion is made more than one year after an action has been stricken, the plaintiff must demonstrate a reasonable excuse for the delay, a meritorious cause of action, lack of prejudice to the opposing party and a lack of intent to abandon the action (see Sanusi v City of New York, NYLJ, Nov. 25, 1997, at 27, col 6 [App Term, 2d Dept]; Wood v Goldman, NYLJ, Feb. 2, 1995, at 27, col 4 [App Term, 1st Dept]; Aacon Auto Transp. v Foa & Son Corp., NYLJ, June 13, 1995, at 25, col 1 [App Term, 1st Dept]; 474 W. 150th St. Realty Corp. v Lewis, 166 Misc 2d 954 [Civ Ct, NY County 1995]). Where the motion to restore is made more than one year after the action has been stricken, the movant must satisfy the above even if the “deemed abandoned” rule contained in CPLR 3404 does not apply in the lower court (see LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781 [App Term, 2d Dept 2001]; but see 474 W. 150th St. Realty Corp. v Lewis, supra; N&T Pastry Shop v 5359 2d Ave. Assoc., NYLJ, May 27, 1994, at 25, col 2 [App Term, 1st Dept] [“deemed abandoned” rule does apply in the Civil Court]).
The City Court
The Appellate Term, Second Department, has recently held that the express language in CPLR 3404 necessarily prevents its application in the lower courts (see LoFredo v CMC Occupational Health Servs., supra; but see Gonzalez v First Natl. Supermarket, 232 AD2d 609 [2d Dept 1996]). Accordingly, that rule is not available as a calendar control device in the City Court. Moreover, the City Court counterpart to 22 NYCRR 208.14 (Civil Court) and 22 NYCRR 212.14 (District Court) does not contain a provision for restoration of an action stricken from the calendar (see 22 NYCRR 210.14).
However, 22 NYCRR 210.14, applicable to civil actions and proceedings in the City Court, provides identical authority to that vested in the Supreme Court pursuant to 22 NYCRR 202.27. While this court’s research has not disclosed a reported decision in the context of a dismissal pursuant to 22 NYCRR 210.14, resort to case law interpreting 22 NYCRR 202.27 is instructive.
As indicated above, when a plaintiff’s case is dismissed pursuant to 22 NYCRR 202.27 (b) it may only be restored upon a *201 showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action (see Syed v Fedor, supra; Polir Constr. v Etingin, 297 AD2d 509, supra). This court now holds that the standard applied to vacate a default under 22 NYCRR 202.27 (b) in the Supreme Court applies in the context of a motion to vacate a default under 22 NYCRR 210.14 (2) in the City Court.
Discussion
In support of the motion, counsel’s affirmation states that his failure to appear at the pretrial conference “was most likely the result of a scheduling error at the undersigned’s office.” Next, counsel asserts that the plaintiff has a meritorious cause of action based upon injuries sustained in connection with defendant’s negligent operation of a motor vehicle. Last, the supporting papers indicate that the instant motion was made within six months of the order dismissing plaintiffs action.
Despite the fact that this court is statutorily empowered to excuse a default emanating from law office failure (CPLR 2005), the legislation did not intend to sanction the routine vacatur of such defaults (see Eveready Ins. Co. v Devissiere, 134 AD2d 323 [2d Dept 1987]; Montalvo v Nel Taxi Corp., 114 AD2d 494 [2d Dept 1985]; La Buda v Brookhaven Mem. Hosp. Med. Ctr., 98 AD2d 711 [2d Dept 1983]). Moreover, while an inadvertent scheduling error can constitute excusable law office failure (see Searing v Anand, 127 AD2d 582 [2d Dept 1987]; Harwood v Chaliha, 291 AD2d 234 [1st Dept 2002]; Rosenberg v Maggio, 281 AD2d 183 [1st Dept 2001]), there must be detailed allegations of fact which explain the reason for such failure, and vague, unsubstantiated excuses will be rejected (see Werbin v Locicero, 287 AD2d 617 [2d Dept 2001]; Bravo v New York City Hous. Auth., 253 AD2d 510 [2d Dept 1998]; Van Kleeck v Horton Mem. Hosp., 251 AD2d 494 [2d Dept 1998]; Morris v Metropolitan Transp. Auth., 191 AD2d 682 [2d Dept 1993]; Fennell v Mason, 204 AD2d 599 [2d Dept 1994]).
In Mediavilla v Gurman (272 AD2d 146 [1st Dept 2000]), the Appellate Division reversed an order of the Supreme Court which denied plaintiffs motion to vacate the dismissal of a negligence action for failure to attend a court-ordered conference. In its decision, the Appellate Division pointed out that (at 148) “[w]hile the reason given by counsel for plaintiffs for failing to appear at the conference is short on detail, law office failure does not preclude the court from excusing a default or delay.” (See also To Yiu Yeung v City of New York, 282 AD2d *202 217 [1st Dept 2001] [a terse explanation of law office failure does not preclude a court from exercising its discretion to excuse a default].)
A review of the appellate record in the Gurman case indicates that counsel for plaintiff unequivocally stated that a “clerical error” had occurred and that the default was attributable to the inadvertent “misdiarying” of the noticed conference date. Although “short on detail,” the court held that this excuse satisfied the criteria for vacatur of an order of dismissal pursuant to 22 NYCRR 202.27.
In this case, the only explanation offered by plaintiffs counsel for his failure to appear at the scheduled pretrial conference is devoid of evidentiary detail and constitutes nothing more than guesswork. The proffered excuse evinces a lack of reasonable inquiry regarding the purported scheduling error and thus does not constitute excusable law office failure (CPLR 2005, 5015 [a] [1]).
A default based upon a failure to appear at a court conference may also be vacated where the party lacked actual notice of the scheduled date (see Jones v New York City Tr. Auth., 293 AD2d 322 [1st Dept 2002]; Levy v New York City Hous. Auth., 287 AD2d 281 [1st Dept 2001]; Latha Rest. Corp. v Tower Ins. Co., 285 AD2d 437 [1st Dept 2001]; Haberlin v New York City Tr. Auth., 228 AD2d 383 [1st Dept 1996]). In this case, plaintiff does not dispute that actual notice of the pretrial conference date was received. Further, a review of the court file indicates that the notice mailed by the clerk prior to both the February 21, 2002 and April 10, 2002 pretrial conference dates clearly advised the parties that a failure to appear could result in either a default judgment or dismissal of the action. Accordingly, the court finds that plaintiff had both actual notice of the scheduled pretrial conference and the consequence of dismissal in the event of a default.
The supporting papers further indicate that the instant motion has been made approximately six months after the order dismissing the action. Had this action been marked off the calendar in Supreme Court pursuant to CPLR 3404, it would appear that the motion satisfies the requirements for automatic restoration. However, once this action was transferred, the Supreme Court was divested of jurisdiction and the case was therefore subject to the rules and procedures governing civil actions in the City Court (see Mather v Ginsroe, Inc., 45 Misc 2d 674 [Sup Ct, NY County 1965]). Accordingly, the automatic restoration procedure available in the Supreme Court does not apply.
*203 “[A] default should be treated consistently with what it is, a serious failure to recognize the importance of the orderly disposition of cases.” (Basetti v Nour, supra at 134.) In view of the express warnings contained in the notice(s) mailed by the clerk, and in light of the proof offered on this motion, the court finds that the penalty of dismissal is warranted (compare Salamone v Wyckoff Hgts. Med. Ctr., 273 AD2d 117 [1st Dept 2000]).*
Having failed to offer a reasonable excuse for the default in appearance, the court need not consider whether plaintiff has established the existence of a meritorious claim against the defendant (see De Vito v Marine Midland Bank, 100 AD2d 530 [2d Dept 1984]).
Motion denied.

 Aside from plaintiff’s unexplained default, the procedural history in the Supreme Court suggests that this action has been diligently prosecuted. Therefore, the dismissal of plaintiffs complaint is without prejudice and should not be construed as a bar to a new action under CPLR 205 (a). (See Schuman v Hertz Corp., 17 NY2d 604 [1966]; Jones v Brown, 70 AD2d 897 [2d Dept 1979]; compare Alaimo v Velco Enters., 234 AD2d 325 [2d Dept 1996]; Keel v Parke, Davis & Co., 72 AD2d 546 [2d Dept 1979], affd 50 NY2d 833 [1980].)