■ ALBERT SANGENETTE et al., Respondents, v EMBASSY SUITES HOTEL et al., Appellants. [767 NYS2d 577]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered February 27, 2003, which, inter alia, vacated an order of dismissal based on plaintiffs' default (same court and Justice), entered October 9, 2002, denied defendants' motion and cross motion for an order dismissing the complaint, and restored the matter to the active pre-note of issue calendar on condition that plaintiffs' counsel pay $500 costs to each of the two defense counsel, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion

to vacate denied, defendants' motion and cross motion to dismiss the complaint granted, and the complaint dismissed. The Clerk is directed to order judgment accordingly. Appeal from order, same court and Justice, entered March 13, 2003 (based on a transcript dated November 20, 2002), unanimously dismissed, without costs, as superseded by the appeal from the February 27, 2003 order.

The motion court improvidently exercised its discretion in granting plaintiffs relief from their default. After properly dismissing the complaint due to plaintiffs' failure to comply with the court's discovery order, the court should have denied plaintiffs' motion to vacate the dismissal since they failed to even attempt to show a meritorious cause of action (*see Rivas v Expansion Group*, 306 AD2d 188 [2003]; *Polir Constr. v Etingin*, 297 AD2d 509, 511-512 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001], *lv dismissed* 96 NY2d 937 [2001]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.