OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff instituted this action by service of a summons and complaint dated August 8, 1996 for personal injuries sustained on July 9, 1995 as a result of a slip and fall in front of and/or adjacent to defendants’ premises. Following the filing of a notice of trial, the case was placed on the trial calendar. The case last appeared on the trial calendar on May 31, 2001. At that time, due to the default of plaintiffs counsel in appearing, the case was marked off the calendar. After more than two years had passed, defendants, by notices of motion and cross motion, moved for dismissal pursuant to CPLR 3404. Plaintiffs opposed the motion on the ground, in effect, of law office failure. The lower court, relying on CPLR 3404, granted the motions.
CPLR 3404 provides that cases in the Supreme Court or the County Court, marked off or stricken from the calendar, shall be deemed abandoned and shall be dismissed if not restored within one year. In a series of cases, this court has held that the express language of CPLR 3404, limiting its applicability to cases in the Supreme Court and County Court, precludes its application in Civil Court cases (e.g. Hercules v City of New York, 5 Misc 3d 129[A], 2004 NY Slip Op 51282[U] [2004]; Rodriguez v City of New York, 3 Misc 3d 136[A], 2004 NY Slip Op 50501[U] [2004]; Nanadakis v Batista, 2003 NY Slip Op 50706[U] [2003]; Julius Feldman, M.D., PC. v Allstate Ins. Co., 192 Misc 2d 43, 44 [2002]; LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781 [2001]; Lang v Wall St. Mtge. Bankers, Ltd., NYLJ, June 10, 1999, at 32, col 1; Sanusi v City of New York, NYLJ, Nov. 25, 1997, at 27, col 6).
Upon further consideration, it is our view that although CPLR 3404 makes reference only to the Supreme Court and County *35 Court, said provision may find application in the lower courts through the general provision of their court acts adopting the CPLR for matters not otherwise addressed (see Siegel, NY Prac § 376, at 633-634 [4th ed]). The New York City Civil Court Act (like the other lower court acts) contains such a provision (CCA 2102) which provides that “[t]he CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, should apply in this court as far as the same can be made applicable and are not in conflict with this act” (emphasis added). Indeed, the Appellate Division, Second Department, has implicitly approved of the application of CPLR 3404 in the Civil Court (see Gonzalez v First Natl. Supermarket, 232 AD2d 609 [1996], revg NYLJ, July 5, 1995, at 29, col 2 [App Term, 2d & 11th Jud Dists]). In Gonzalez, this court affirmed an order of the Civil Court, Kings County, which vacated a CPLR 3404 dismissal and restored the matter to the trial calendar. In reversing, the Appellate Division held that while the Civil Court, in a proper exercise of discretion, may grant a motion to vacate a dismissal pursuant to CPLR 3404, it may do so only if the plaintiff carries his affirmative burden of establishing that a meritorious cause of action exists, that there was a reasonable excuse for the delay, that there was no intent to abandon the action and that there was no prejudice to defendant, and that the plaintiff therein had failed to meet said burden.
Accordingly, we now hold that CPLR 3404 is applicable to the Civil Court of the City of New York (see CCA 2102; see also Gonzalez v First Natl. Supermarket, 232 AD2d 609 [1996], supra; Siegel, NY Prac § 376, at 638-639 [4th ed]). To the extent that our prior holdings are contrary hereto, we no longer follow them.
Since plaintiffs opposition papers fail to set forth merit to their cause of action or a reasonable excuse for the delay, the defendants’ respective motion and cross motion to dismiss the complaint were properly granted.
Patterson, J., dissents and votes to reverse the order dismissing the complaint, reinstate the complaint and remand the matter for all further proceedings in the following memorandum. In a remarkable departure from precedent, the majority today overrules our decision in LoFredo v CMC Occupational Health Servs. (189 Misc 2d 781 [App Term, 2d & 11th Jud Dists 2001]) and its progeny, and extends the application of CPLR 3404 to Civil Court cases. Because such an extension is inconsistent *36 with the plain wording of the statute as well as our prior holdings, I respectfully dissent.
Background
Plaintiff commenced the instant personal injury action in August 1998 and on May 31, 2001 the matter was marked off the trial calendar due to the nonappearance of plaintiffs’ counsel. Two years later, defendants moved and cross-moved for an order pursuant to CPLR 3404 dismissing the complaint. Defendants noted that more than one year had elapsed since the case had been marked off and that plaintiff had made no attempt to restore it. Plaintiff opposed the motion on the ground that the matter had been stayed as a result of the death of plaintiff Cesar Chavez. Although an order was entered on September 29, 2000 permitting substitution, plaintiff believed that the action remained “stayed” as opposed to being “marked off” the trial calendar.
By order dated April 1, 2004, the court below granted defendants’ motion and cross motion dismissing the action. In doing so, the court cited CPLR 3404 and noted that since 2001 the case remained marked off the calendar and plaintiff took no steps to restore it.
Plaintiff now appeal, arguing, among other things, that CPLR 3404 does not extend to Civil Court cases. In light of this court’s decision in LoFredo (189 Misc 2d 781 [2001], supra), which holds that CPLR 3404 is inapplicable to Civil Court actions, as well as the plain wording of CPLR 3404, I agree.
Analysis
In interpreting statutes, courts must first look to the statutory language (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). If the meaning of a statute is clear as written, then courts generally may not look beyond that language to ascertain legislative intent (see McKinney’s Cons Laws of NY, Book 1, Statutes § 76).
Here, the Legislature’s choice of words could not be clearer. CPLR 3404 states, in relevant part, that: “A case in the supreme court or a county court marked ‘off or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute” (emphasis added). Conspicuously absent from the statutory language is any reference to Civil Court.
*37 Despite the statute’s plain wording limiting its application to Supreme Court and County Court cases, the majority concludes that CPLR 3404 applies to Civil Court cases through New York City Civil Court Act § 2102. That statute provides that “notwithstanding any reference by name or classification therein to any other court,” the CPLR shall apply to Civil Court as long as it “can be made applicable and [is] not in conflict with this act” (CCA 2102 [emphasis added]). In my opinion, because CPLR 3404 does conflict with a provision of the Civil Court Act, namely, Uniform Rules for the New York City Civil Court (22 NYCRR) § 208.14 (c), its application does not extend to Civil Court cases.*
Although section 208.14 (c), like CPLR 3404, has a one-year provision for restoring cases, it contains no similar provision for an automatic dismissal. Indeed, section 208.14 (c) replaced Uniform Rules for the New York City Civil Court (22 NYCRR) former § 2900.17 which had provided for automatic dismissal:
“A cause marked off or stricken from a Reserve Calendar, a Pre-Trial Calendar, or a Day Calendar, and returned to the General Calendar, shall be deemed abandoned and the complaint and counterclaim, if any, shall be dismissed with statutory costs for failure to prosecute, unless application to restore shall be made within one year from the date of such marking and such application is granted” (22 NYCRR former 2900.17 [emphasis added]).
The fact that section 208.14 (c), unlike its predecessor and unlike CPLR 3404, contains no provision for automatic dismissal further supports the conclusion that such a provision was never intended to apply to Civil Court (see Sanusi v City of New York, NYLJ, Nov. 25, 1997, at 27, col 6 [App Term, 2d & 11th Jud Dists]).
To the extent the majority contends that the Appellate Division, Second Department, in Gonzalez v First Natl. Supermarket (232 AD2d 609 [1996]) has “implicitly approved” the extension of CPLR 3404 to Civil Court cases, I disagree. Nothing in the decision holds that CPLR 3404 applies to Civil Court cases and I will not presume such a holding based on the Appellate Division’s silence on the issue. Because the application of CPLR 3404 to Civil Court cases was never squarely presented in Gonzalez, the majority’s reliance on Gonzalez is misplaced.
*38 Accordingly, I adhere to this court’s prior decisions which hold that CPLR 3404 authorizes automatic dismissal for want of prosecution in Supreme Court and County Court cases only, not Civil Court cases (see Hercules v City of New York, 5 Misc 3d 129[A], 2004 NY Slip Op 51282[U] [2004]; Rodriguez v City of New York, 3 Misc 3d 136[A], 2004 NY Slip Op 50501[U] [2004]; Nanadakis v Batista, 2003 NY Slip Op 50706[U] [2003]; Julius Feldman, M.D., P.C. v Allstate Ins. Co., 192 Misc 2d 43, 44 [2002]; LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781 [2001], supra; Lang v Wall St. Mtge. Bankers, Ltd., NYLJ, June 10, 1999, at 32, col 1; Sanusi v City of New York, supra). Thus, defendants here could not avail themselves of CPLR 3404 and the court below erred in dismissing the case on this basis.
Finally, it should be noted that in Civil Court cases the only statutory authority for dismissal for want of prosecution is CPLR 3216. That statute provides, in part, that before moving to dismiss a complaint for failure to prosecute, a defendant must serve plaintiff with a written demand to serve and file a note of issue within 90 days of receipt of the demand. Absent such a demand, a court is without authority to dismiss an action for general delay (see Chase v Scavuzzo, 87 NY2d 228, 233 [1995]). Indeed,
“the inherent power and practice of the courts in controlling the flow of litigation by dismissing neglected actions . . . has been abrogated by [CPLR 3216], with the result that courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)” (Arcate v Cohen, 289 AD2d 148, 149 [1st Dept 2001] [internal quotation marks omitted]; see also Cohn v Borchard Affiliations, 25 NY2d 237 [1969]).
Here, the striking of the case from the trial calendar effectively nullified the notice of trial, returning the case to its pretrial status and subjecting it to a possible dismissal under CPLR 3216 (see DeCook v Bruno G.M.C. Truck Sales Corp., 193 Misc 2d 572, 573 [App Term, 2d & 11th Jud Dists 2002]). However, no 90-day demand was served nor did plaintiff move to restore the case. Thus, the case simply remained marked off the calendar and no basis existed to dismiss it. While I recognize that such a holding could allow a case to remain marked *39 off the calendar indefinitely until a 90-day demand is served, it is for the Legislature, not the courts, to address the issue. Accordingly, I would vote to reverse the order below.
Pesce, PJ., and Golia, J., concur; Patterson, J., dissents in a separate memorandum.

 Civil Court rules “shall be construed as consistent with the New York City Civil Court Act” (22 NYCRR 208.1 [d]). Thus, any statute inconsistent with a Civil Court rule is likewise inconsistent with the act.