KEVIN TEJEDA, an Infant, by His Parent and Natural Guardian, ANA PICHARDO, et al., Appellants, v WOODYCREST REALTY, L.L.C., Respondent. [870 NYS2d 253]—

The action was settled pursuant to an infant's compromise order entered on or about March 26, 2001. Defendant's insurer sent plaintiff's former attorney three checks totaling slightly more than the settlement amount, one for $4,257.07 payable to New York City Department of Social Services, another for $18,581.28 payable to plaintiff's former counsel, and the last for $37,161.95 payable to plaintiff's guardian. The checks stated on their face that they would be "void if not presented within 90 days." Defendant's insurer delayed mailing the checks, so plaintiff's former attorney had only 35 days to deposit them before they became void. Plaintiff's former attorney promptly deposited the check payable to his firm, but the other checks were not deposited and became stale. Plaintiff's former attorney then requested replacement checks on October 18, 2001, but, before new checks were issued, defendant's insurer went into liquidation. Subsequent proceedings to compel the Liquidation Bureau to issue replacement checks started out well but were ultimately unsuccessful when the Liquidation Bureau learned that defendant's insurer was not licensed to do business in New York.

In June 2005, plaintiff, by new counsel, moved by order to show cause to vacate the settlement and releases, grant defendant a credit for the $18,581.28 received by plaintiff's former attorney, and restore the action to the calendar. However, the motion was denied when plaintiff failed to appear on the return

date. Plaintiff then moved by order to show cause to vacate his default, submitting the affirmation of his attorney that the failure to appear was due to a communication error between him and the per diem attorney engaged to appear on the return date, but the motion court refused to sign the order to show cause. This Court then granted the order to show cause, set a briefing schedule, and directed the motion court to decide plaintiff's motion to vacate his default on his June 2005 motion to vacate the settlement (39 AD3d 210 [2007]). For unclear reasons, plaintiff filed a new order to show cause replicating the June 2005 order to show cause, except that it did not contain plaintiff's attorney's affirmation attesting to the miscommunication with the per diem attorney. The motion court denied the motion to vacate the default because of the lack of any explanation for the failure to appear on the return date, and also for lack of a meritorious claim in that plaintiff's predicament was caused by his former attorney's delay in depositing the entire settlement amount before the checks became stale.

The motion court should have considered the affirmation of plaintiff's attorney submitted on plaintiff's original order to show cause to vacate his default, which, we find, sets forth a reasonable excuse, namely, law office failure (CPLR 2005; *see Harwood v Chaliha*, 291 AD2d 234 [2002]). We also find that plaintiff's claim is meritorious since he never agreed to what was effectively a 35-day time limit for depositing the settlement checks. That condition was unilaterally imposed by the insurer now in liquidation, and the failure of that condition due to some delay by plaintiff's former attorney, who had no reason to suspect the insurer's imminent takeover in liquidation, should not result in plaintiff's forfeiture of most of the consideration for the settlement. Plaintiff settled with defendant, not the insurer, and defendant is responsible for providing the balance of the settlement amount. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.