■ TRIBECA TECHNOLOGY SOLUTIONS, INC., Respondent, v DAVID GOLDBERG et al., Appellants. [973 NYS2d 168]—

Order, Supreme Court, New York County (Anil Singh, J.), entered on or about July 23, 2012, which granted plaintiff's motion to vacate orders, same court and Justice, entered on or about January 13, 2012 and May 4, 2012, on its default, respectively, granting defendants Edward Schapiro, American Medical Data Management, LLC, AMDM LLC, and AMDM Inc.'s motion to dismiss the second, fourth and fifth causes of action as against them, and granting defendants David Goldberg and Scott Simon's motion for a default judgment on their counterclaims, unanimously modified, on the law, to deny plaintiff's motion as to the May 4, 2012 order, and otherwise affirmed, without costs.

We agree with the motion court that plaintiff's excuse for its default in opposing the motion to dismiss was reasonable, in view of the absence of any history of willful neglect or abandonment on the part of plaintiff's counsel, who until that early stage had prosecuted the action, but candidly admitted to and apologized for his oversight in failing to oppose the motion (*see e.g. To Yiu Yeung v City of New York*, 282 AD2d 217 [1st Dept 2001]; *Brady v Paris Maintenance Co.*, 281 AD2d 162 [1st Dept 2001]; *Mediavilla v Gurman*, 272 AD2d 146 [1st Dept 2000]).

We note that counsel had previously sought an adjournment of the motion for the purpose of interposing opposition, that within three weeks of receiving entry of the order he made several attempts to challenge the dismissal, and that after being instructed by the court to file a proper vacatur motion, he did so within three months, which was only six months after being served with the notice of entry and, thus, well before the one-year deadline for moving for relief from the order (see CPLR 5015 [a] [1]). We also agree that plaintiff established the merits of its action by submitting its principal's affidavit attesting to the veracity of its claims.

With respect to the May 4, 2012 order, we find that the court erred in considering the sufficiency of plaintiff's excuse for failing to oppose defendants Goldberg and Simon's motion for a default judgment on their counterclaims, rather than its excuse for failing to answer the counterclaims themselves, which plaintiff's counsel never denied receiving (see CPLR 5015 [a] [1]). Since plaintiff never proffered an excuse for the initial default, consideration of the merits of its defense to the counterclaims is unnecessary (see Admiral Ins. Co. v Marriott Intl., Inc., 79 AD3d 572 [1st Dept 2010], lv denied 17 NY3d 708 [2011]). Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.