Genesis R. v City of New York (2018 NY Slip Op 04116)





Genesis R. v City of New York


2018 NY Slip Op 04116


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6834 21034/06

[*1]Genesis R., an Infant Over the Age of Fourteen Years, etc., et al., Plaintiffs-Appellants,
v
The City of New York, Defendant, New York City Department of Education, Defendant-Respondent.


The Orlow Firm, Flushing (Thomas P. Murphy of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 7, 2017, which insofar as appealed from, granted the motion of defendant New York City Department of Education (DOE) to vacate its default, and upon vacatur, granted DOE's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The court providently exercised its discretion in vacating DOE's default based on law office failure (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 464 [1st Dept 2016]). DOE demonstrated that it was unaware that the motion was scheduled for oral argument, perhaps because it was referred from one Justice to another, and plaintiffs also failed to appear. Moreover, as the motion court recognized, public policy favors resolution of disputes on the merits (see e.g. Harwood v Chaliha, 291 AD2d 234 [1st Dept 2002]).
The court also properly concluded that DOE demonstrated a meritorious defense that supported dismissal of the complaint as a matter of law. DOE showed that infant plaintiff's injuries resulted from another student's impulsive and spontaneous act, and that the student had no prior disciplinary history at the school or with plaintiff (see Summer H. v New York City Dept. of Educ., 19 NY3d 1030 [2012]; Mirand v City of New York, 84 NY2d 44, 49 [1994]). Plaintiff testified that while the student had prior arguments with the teacher and with others, the student never acted out physically in the teacher's classroom or became physical with her.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK