Federal Natl. Mtge. Assn. v Rosenberg (2020 NY Slip Op 00814)





Federal Natl. Mtge. Assn. v Rosenberg


2020 NY Slip Op 00814


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10682N 32417/16

[*1] Federal National Mortgage Association ("Fannie Mae"), etc., Plaintiff-Respondent,
v
Jacob Rosenberg, Defendant-Appellant, New York City Environmental Control Board, et al., Defendants.


Tamir Law Group PC, New York (Geoffrey Bowser of counsel), for appellant.
Sandelands Eyet LLP, New York (Michael T. Madaio of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 26, 2018, which granted plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order dismissing the action to the extent of ordering a framed issue hearing to determine whether the lender revoked its election to accelerate the subject mortgage, unanimously modified, on the law, the direction for a framed hearing vacated, and the matter restored to trial calender, and otherwise affirmed, without costs.
In April 2010, plaintiff's predecessor (OneWest) commenced a mortgage foreclosure action, which accelerated the mortgage debt on defendant's property. In April 2015, OneWest moved to voluntarily discontinue that action, the motion was granted and the action was discontinued without prejudice.
Plaintiff commenced the instant action in May 2016. Defendant moved to dismiss the complaint claiming that the action was time-barred. The motion court also scheduled a conference on the same date the motion was calendared. Plaintiff sought an adjournment of defendant's motion to dismiss but failed to adjourn the scheduled conference. The court granted the motion to dismiss and canceled the Notice of Pendency when plaintiff's counsel failed to appear at the conference.
Plaintiff subsequently moved, pursuant to CPLR 5015(a)(1), to vacate the dismissal order and reinstate the claim. It contended that it had a meritorious claim because OneWest lacked standing to commence the prior foreclosure action [FN1]. The motion court held that OneWest had standing to sue and granted the motion to the extent that it ordered a framed hearing "to determine whether the plaintiff has a meritorious cause of action by establishing that the lender revoked its election to accelerate the mortgage." We now reverse.
An order dismissing a case based on a party's failure to appear at a scheduled conference should be vacated if the defaulting party shows a reasonable excuse for the default and a meritorious cause of action (Hardwood v Chaliha, 291 Ad2d 234 [1st Dept 2002]). The moving party simply "needs to show a substantial possibility of success in the action" (Ronsco Constr. Co. V 30 E. 85th St. Co., 219 AD2d 281, 284 [1st Dept 1996] [internal quotation marks ommitted]; see also Polir Constr. v Etingin, 297 AD2d 509, 512 [1st Dept 2002]). However, in [*2]this case, defendant raised an affirmative defense based on the statute of limitations. If this action is time-barred, plaintiff will not be able to show that it has a meritorious cause of action.
An action to foreclose on a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Once a mortgage debt is accelerated, and the entire amount is due and owing, the statute of limitations begins to run on the entire debt. However, "[a] lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT Realty Corp. V Knoxville 2012 Trust, 151 AD3d 1068, 1069 [2d Dept 2017]).
In this case, plaintiff provided evidence that it took affirmative action to de-accelerate the mortgage, which would have stopped the running of the statute of limitations on the mortgage debt. The 90-day notice provided to defendant sought an amount lower than the accelerated amount, which may evidence an intent to de-accelerate. While seeking a lower amount in and of itself is not enough to establish, as a matter of law, that the 90-day notice "destroy[ed] the effect of the sworn statement that the plaintiff had elected to accelerate the maturity of the debt" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935-936 [2d Dept 2018] [internal quotation marks omitted]), it is sufficient to meet the "minimal showing" required on a motion to restore (Polir Constr. at 512). Therefore, there is no need to hold a framed issue hearing [FN2].
Defendants reliance on Vargas v Deutsche Bank Natl. Trust Co. (168 AD3d 630 [1st Dept 2019]) for the proposition that a 90-day notice is insufficient to establish an affirmative act because OneWest made "continued efforts" to collect the mortgage debt is unavailing. This case is distinguishable from Vargas because in that case, the lender sent notices "attempting to collect...the accelerated mortgage debt" (id. at 630). Here, in contrast, plaintiff did not attempt to collect the accelerated mortgage debt; rather, it sought to collect enough to cure the default.
We have considered defendant's remaining arguments, including the issue of standing, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK



Footnotes

Footnote 1: Plaintiff also argued that it had a reasonable excuse for not appearing at the scheduled conference. Since defendant does not dispute this issue on appeal, it will not be discussed further. 

Footnote 2: Because the only issue before us is whether the order should be vacated under CPLR 5015, we do not decide whether the case should be dismissed on statute of limitations grounds if there is further motion practice or discovery.