JOSEPH PEDONE et al., Respondents, v AVCO FINANCIAL SERVICES OF NEW YORK, INC., Appellant. — In an action, *inter alia,* to recover damages for breach of oral contracts of employment, defendant appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated July 28, 1983, which conditionally granted plaintiffs' motion to (1) vacate an order of the same court (Pino, J.), dated April 19, 1982 which had granted, on default, defendant's motion to dismiss the complaint for failure to state a cause of action, and (2) vacate a judgment of the same court (Pino, J.), dated April 26, 1982, which was entered thereon in favor of defendant. ¶ Order reversed, as a matter of discretion, with costs, and motion denied. ¶ This is an action, *inter alia,* to recover damages for breach of oral contracts of employment. The action was commenced on or about January 27, 1982, by service of a summons and verified complaint upon defendant. On or about March 15, 1982, defendant moved, *inter alia,* to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). Plaintiffs failed to appear on the return date of the motion, March 29, 1982, and by order dated April 19, 1982, Special Term (Pino, J.), granted the motion to dismiss on default. A judgment dated April 26, 1982 in favor of defendant was entered thereon. ¶ By order to show cause dated April 29, 1982, plaintiffs moved to vacate the order which had been entered on default. In an affirmation made in support of the motion, plaintiffs' attorney asserted that the default had been occasioned by: (1) a serious illness in his family; (2) prior obligations which had required him to be away from New York City for a substantial period of time before and after March 29, 1982, the return date of defendant's motion to dismiss; (3) a recent move to a new law firm and the attendant problems of office transition; and (4) the fact that three of the four plaintiffs resided outside of New York City, making it difficult to conduct the necessary consultation to adequately respond to defendant's motion. In addition, the motion was supported by a copy of the verified complaint, and an affidavit of the verifying plaintiff which alleged that the claim of wrongful termination of employment was meritorious. By order entered May 6, 1982, Special Term (Morton, J.), denied plaintiffs' motion to vacate without prejudice to renew upon proper papers. ¶ By notice of motion dated April 26, 1983, almost one year after the denial of the prior motion, plaintiffs moved to vacate the order and judgment entered on default (CPLR 5015, subd [a]) and to restore defendant's original motion to dismiss to the Special Term calendar. The affirmation of plaintiffs' attorney made in support of the motion referred to the very same excuses which had been proffered on the prior motion. In addition, counsel alleged for the first time that on March 29, 1982, the return date of the original motion to dismiss, he had required emergency dental treatment. Annexed to counsel's affirmation was a letter from his dentist describing treatment administered on March 29 and stating that counsel would have been unable to carry out professional functions for eight hours prior to the treatment and for 16 hours thereafter. The motion to vacate was also supported by affidavits of each of the four plaintiffs, alleging that their claims had merit, and by a copy of the verified complaint. ¶ By order dated July 28, 1983, Special Term (Vinik, J.), granted plaintiffs' motion, upon condition that plaintiffs' attorneys pay to defendant's attorneys the sum of $250, and restored defendant's original motion to dismiss the Special Term calendar. The court found that plaintiffs' counsel's need for emergency dental care on the return date of the motion constituted a justifiable excuse, that plaintiffs had moved to vacate within a reasonable time thereafter, and that plaintiffs had established the existence of a meritorious course of action. We disagree. ¶ Although courts are now vested with discretion to consider law office failure as an excuse for default (CPLR 2005, 3012, subd [d], added L 1983, ch 318), a party moving to be relieved of an order or judgment on the

ground of excusable default (CPLR 5015, subd [a], par 1) must nonetheless establish both that there is a reasonable excuse for the delay, and that there exists a meritorious claim or defense (*Weber v Victory Mem. Hosp.,* 98 AD2d 719). It was not the intent of the remedial legislation to routinely excuse all defaults (*La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711; *De Leo v Bertucci,* 98 AD2d 708). ¶ In this case, we conclude that plaintiffs failed to establish either a reasonable excuse for the delay or the existence of a meritorious cause of action. The excuses proffered by counsel were cast in vague and conclusory terms, and simply do not serve to justify the failure to timely serve a response to the motion. In this regard, we note that counsel's dental problems did not arise until the return date of the motion, at which time answering affidavits were already overdue (CPLR 2214, subd [b]). ¶ Moreover, the verified pleading and the affidavits of plaintiffs failed to establish the existence of a meritorious cause of action. The complaint, in substance, alleged a cause of action for abusive or wrongful discharge, a tort which is not recognized in this State (*Murphy v American Home Prods. Corp.,* 58 NY2d 293). Viewing plaintiffs' claim as one for breach of contract, the complaint and affidavits failed to establish that the contracts created anything other than an employment at will, which was terminable by the defendant employer at any time (*Murphy v American Home Prods. Corp., supra,* pp 304-305; see, also, *O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885). ¶ In view of the foregoing, Special Term's granting of plaintiffs' motion constituted an improvident exercise of discretion. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.