■ 3 PARK AVENUE COMPANY, Respondent, v NEW YORK CITY EDUCATIONAL CONSTRUCTION FUND, Appellant. — Order of the Supreme Court, New York County (Michael J. Dontzin, J.), entered July 16, 1984, which granted, upon reargument, plaintiff's motion to restore the matter to the calendar, reversed, without costs, on the law, the facts and as a matter of discretion, without prejudice to a motion to vacate the dismissal of its complaint and to restore the case to the Trial Calendar, made upon proper papers.

Plaintiff, a general contractor, brought action against defendant property owner to recover damages for delay and for extra work. Plaintiff filed a statement of readiness and note of issue on March 9, 1981. The case was marked "off calendar" somewhat more than two years later. On April 5, 1984, two days short of one year after the case had been marked off, a motion was made to restore. On May 11, 1984, the motion to restore was denied.

On June 13, 1984, plaintiff moved to reargue the denial of its motion to restore. Reargument was granted and the case restored to the calendar.

CPLR 3404 provides that when a case is marked off the calendar "and not restored within one year thereafter, [it] shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order". The dismissal is automatic and self-executing and "[b]efore a plaintiff may move to restore a case to the Trial Calendar, he must first move to vacate the automatic dismissal of his complaint (CPLR 3404; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3404.04)" (*Merrill v Robinson,* 99 AD2d 578). Here, the initial denial of the motion brought the period during which the cause was marked off the calendar beyond the one-year period specified in CPLR 3404. The matter was, at that time, dismissed. To vacate the default and to effect restoration to the calendar, plaintiff was required to show the reason for the delay and include an affidavit indicating a meritorious cause of action. Neither the original papers nor the motion to reargue complied with this requirement. Concur — Murphy, J. P., Kupferman, Asch and Bloom, JJ.