(July 23, 1987)

■ WENDY MAMET, Appellant-Respondent, v EDWARD MAMET, Respondent-Appellant.—Order of the Supreme Court, New York County (Burton Sherman, J.), entered February 3, 1986, which denied plaintiff-appellant Wendy Mamet's motion to dismiss this matrimonial action as abandoned, denied defendant-respondent Edward Mamet's cross motion to amend his answer to assert counterclaims and permitted plaintiff to move to discontinue the marital action with prejudice to the institution of a subsequent marital action based on any conduct which might have been the basis of an action prior to October 26, 1982, is modified, on the law, to grant plaintiff-appellant's motion to dismiss the action as abandoned, and the order is otherwise affirmed, without costs.

In January of 1980, plaintiff-appellant, Wendy Mamet, initiated divorce proceedings against her husband, defendant-respondent. On June 30, 1980, the husband served an answer, which asserted no counterclaims. The wife obtained an order of temporary support, and the case was noticed for trial. During this period, however, the parties decided to reconcile, and in September of 1981, the case was marked "off" the Trial Calendar pursuant to stipulation. Thereafter, the parties attended marriage counseling, took vacations together and cohabited for specific periods of time.

The years of reconciliation ended, and in March of 1985 the wife again consulted an attorney. She did not consult the attorney who had represented her in the 1980 action, since she assumed that he was no longer representing her. Her new attorney assured her that the 1980 matrimonial action had been abandoned and recommended that she start a new action for divorce.

In late 1985, the wife received a letter from her attorney in the prior matrimonial action, stating that a trial had been scheduled in the action. She later discovered that in August of 1982, her husband had moved to restore the 1980 action to the

calendar. Unbeknownst to the wife, by order signed in October of 1982, the husband was granted the right to restore the case to the Trial Calendar. However, during their period of reconciliation, the husband held on to the order, and three years later, after reconciliation had failed, he succeeded in having the 1982 order of restoration entered.

Subsequently, the wife made the underlying motion to have the 1980 matrimonial action dismissed as abandoned, and the husband requested leave to amend his answer to interpose counterclaims. By order dated February 3, 1986, Justice Sherman denied both motions but specifically provided that the wife could move to "discontinue her action with prejudice to the institution of a subsequent matrimonial action based upon any conduct which might have been the basis of an action prior to October 26, 1982." On February 3, 1986, the wife made an oral motion to discontinue the action with prejudice, which motion was granted. Nonetheless, the wife has perfected this appeal, arguing that the court erred in failing to dismiss the matrimonial action as abandoned.

CPLR 3404 provides that a case marked off the Trial Calendar and not restored within one year shall be deemed abandoned and shall be dismissed. Furthermore, for a case to be restored to the calendar, an order of restoration must be entered within the one-year period. *(Farmer v L. B. Smith, Inc.,* 52 AD2d 1068; *Campbell v Puntoro,* 36 AD2d 568, 569.) Although defendant had obtained an order of restoration prior to the expiration of the one-year period, he did not seek to have that order entered until three years later. By operation of CPLR 3404, this action was by that time abandoned and automatically dismissed, as the provisions of CPLR 3404 are self-executing. *(See, 3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656, 657.) To reverse the effect of such a dismissal, a party must move to vacate it and bears a burden of showing a justification for the delay, lack of prejudice to the adversary and that he or she has a meritorious cause of action. *(Supra; Williams v Giattini,* 49 AD2d 337.)

Having failed to assert any counterclaims and having sworn under oath that plaintiff's claims were false, defendant cannot assert, nor has he attempted to assert, that he has some meritorious cause of action. More important is the fact that defendant's failure to enter, on a timely basis, the order of restoration is based on the fact that because the parties had reconciled, they had no need to take any further action on the matrimonial matter, which they were treating as abandoned. To permit a party to hold on to an order of restoration,

despite clear evidence of an abandonment, solely as a potential weapon with which to strike back in the event reconciliation fails, would thwart the purpose of CPLR 3404. For these reasons, plaintiff wife's motion to have the action dismissed as abandoned should have been granted, and we modify the order accordingly.

We also add that we do not find persuasive defendant husband's claim, accepted by the court below, that it is plaintiff wife who seeks to misuse CPLR 3404 by having the 1980 matrimonial action dismissed solely to commence a second action under the more liberal property distribution law under part (B) of section 236 of the Domestic Relations Law. Contrary to defendant's assertions, the facts here are totally different from those in *Tucker v Tucker* (55 NY2d 378) and *Pollack v Pollack* (56 NY2d 968), where those plaintiffs admittedly sought discontinuances of earlier actions solely to obtain the benefit of the Equitable Distribution Law and, in fact, commenced second actions within weeks of the passage of the Equitable Distribution Law.

Plaintiff Mamet, on the other hand, had made serious attempts at reconciliation and for a period of time functioned with defendant as a family unit. During this period she had had no communications with her attorney on the matrimonial action, had not sought to enforce the temporary support order that had been in effect, nor had she engaged in any settlement negotiations. In short, she consistently treated the action as having been abandoned. Her desire in 1985 to initiate a new divorce action was thus solely the result of the fact that the reconciliation had eventually failed. In this respect, the case at bar is more on point with *Broder v Broder* (91 AD2d 302, *affd* 59 NY2d 858), where the evidence also demonstrated that the parties had genuinely attempted a reconciliation and reasonably believed the first marital action to have been abandoned. *Broder* holds that under such facts, dismissal of the previous legal action is warranted. Concur—Murphy, P. J., Kupferman, Sandler, Carro and Ellerin, JJ.