■ MYRON SISKIN, as Assignee of REALTY PACE SETTERS, INC., Respondent, v 221 SULLIVAN STREET REALTY CORP. et al., Respondents, and 229 SULLIVAN TOWER MAIVEN REALTY CORPORATION et al., Appellants. (Action No. 1.) BENJAMIN EISNER, Plaintiff, v E. & R. MAVIN CONSTRUCTION, LTD., et al., Defendants. (Action No. 2.)—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered June 20, 1991, *inter alia,* denying defendants Benjamin Eisner and 229 Sullivan Tower Maiven Realty Corporation's motion to vacate a default, unanimously affirmed, with costs.

In a decision dated January 4, 1991, the IAS court granted partial summary judgment against defendant Benjamin Eisner and his wholly owned corporate defendant 229 Sullivan Tower Maiven Realty Corporation voiding a wrap-around mortgage that Eisner had placed on certain real property which is the subject of these actions. The court also directed discovery to be completed by March 22, 1991 and scheduled a pretrial conference for March 25, 1991. Eisner failed to complete discovery by March 22, 1991, and did not attend the scheduled pretrial conference on March 25, 1991. Eisner then informed the court that he had an undisclosed medical condition which prevented him from attending trial on April 16, 1991. The court, in the absence of medical documentation refused to stay the trial. Having failed to complete further discovery afforded to him and having failed to appear for trial, the court found Eisner and the corporate defendant in default and directed an inquest.

In moving to vacate the default, Eisner and the corporate defendant's proferred excuse is that he, Eisner, had a skin condition which required that he depart for Israel on April 16, 1991 to take baths in the Dead Sea. No medical documentation was submitted to demonstrate either the necessity for this trip or that he was incapacitated by his ailments *(see, Brown v Brown,* 148 AD2d 377, 380-381). Under these circumstances, the IAS court properly determined that Eisner failed to demonstrate a valid excuse for the default as required pursuant to CPLR 2005 and 5015 (a). Furthermore, Eisner had been guilty of a consistent pattern of negligence which by

itself may preclude vacatur of a default *(American Barrick Resources Corp. v Smith,* 169 AD2d 584).

We have considered defendants-appellants' remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.