■ GUISEPPE BRUCCULERI, Respondent, v METRO-NORTH COMMUTER RAILROAD Co., Defendant, and PENETONE CORP., Appellant. (And a Third-Party Action.) [628 NYS2d 66] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered on or about November 18, 1994, which granted plaintiff's motion to restore the action to the trial calendar, is unanimously reversed to the extent appealed from, on the law and facts, the motion is denied and the action dismissed as to

defendant-appellant Penetone Corp., without costs or disbursements.

Plaintiff allegedly sustained injuries to his vocal cords as a result of being exposed to a toxic chemical he was required to use in cleaning railroad cars. After defendant-appellant Penetone Corp. was added as a third-party defendant, plaintiff amended his complaint to add a direct cause of action against Penetone, in May 1987. The case was marked off the trial calendar on August 15, 1988, since a Note of Issue was not filed by plaintiff on or before June 30, 1988 pursuant to the prior order of the IAS Court. In October 1994, plaintiff moved to restore the case to the calendar and, in the order appealed from herein, the IAS Court granted that motion. We find that this was an abuse of discretion on the part of the nisi prius court, and, therefore, reverse, deny the motion and dismiss the complaint against defendant-appellant.

CPLR 3404 provides, in pertinent part, that: "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute."

The motion to restore was not made until six years after the case was marked "off". However, the court has discretion to grant such a motion, provided that the movant establishes the merit of his claim, a reasonable excuse for the default, and a lack of prejudice to the opposing party (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 721-722, *appeal dismissed* 69 NY2d 874).

Plaintiff submitted an affidavit in support of his motion which was conclusory in nature, including the statement that he utilized a product "known as penetone". The defendant does not make a product known as "penetone", and plaintiff failed to further identify the product which allegedly caused his injury. Moreover, plaintiff failed to submit any showing of a connection between his exposure to a product and his medical condition.

In addition, plaintiff failed to provide a reasonable excuse for the six year delay in moving to restore the action to the calendar. Finally, while not dispositive in itself, the long delay must be deemed prejudicial to the defendant. Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.