[641 NYS2d 33]

RONSCO CONSTRUCTION COMPANY, INC., Respondent, v 30 EAST 85TH STREET COMPANY et al., Appellants, et al., Defendant.

First Department, April 25, 1996

### APPEARANCES OF COUNSEL

*John M. O'Connor* of counsel, New York City *(DeForest & Duer,* attorneys), for respondent.

*Ian L. Blant* of counsel, New York City *(Gurfein & Graubard,* attorneys), for appellants.

### OPINION OF THE COURT

WILLIAMS, J.

This appeal addresses the questions of whether this action should be deemed dismissed pursuant to CPLR 3404 where plaintiff moved to restore it to the Trial Calendar within one year of the date that it was marked off the calendar, and the motion was granted but entered more than one year from the date it had been marked off; and whether, in any case, plaintiff met the burden for restoring the action to the calendar.

In December 1985, the parties entered into a contract whereby plaintiff agreed to provide "rough and finish" carpentry work on a construction project, and defendant agreed to pay approximately $425,000 for such work.

On March 13, 1989, plaintiff commenced an action against defendant seeking in excess of $316,000 for work performed on the project by plaintiff but not paid for by defendant. Scott Zaretsky, plaintiff's vice-president, was the sole officer with knowledge sufficient to establish plaintiff's case.

In 1990, Zaretsky was diagnosed with Lyme disease. As a result, he allegedly suffered symptoms such as severe memory loss, lack of concentration for long periods and bouts of extreme physical pain. He also alleged that he was unable to sit for long periods of time, that he was required to take weekly injections of antibiotics, and that the disease caused severe mood swings requiring that he take antidepressants.

Apparently due to this diagnosis, several depositions of Zaretsky were adjourned and because he could not sit or concentrate for long periods, three separate sessions were required to complete his deposition. Zaretsky has been on full disability since September 1991.

In November 1992, a note of issue and certificate of readiness was served and filed in this action. The case was scheduled to be heard for trial on November 9, 1993, but Zaretsky's medical condition and defendant's counsel's engagement in another matter prompted an adjournment until March 1, 1994. On March 1, 1994, the case was adjourned again for trial until May 3, 1994, but Zaretsky's medical condition again prevented

his participation on that date. Plaintiff's counsel was forced to request another adjournment which the IAS Court denied and proceeded to mark the case off the Trial Calendar.

In February 1995, Zaretsky underwent surgery to remove four nerves, allegedly infected with the Lyme bacteria, from his chest. On May 2, 1995, alleging that Zaretsky was now physically able to participate in a trial, plaintiff's counsel moved to restore this action to the Trial Calendar.

The motion was granted by the IAS Court, which held that plaintiff had timely moved to restore this action pursuant to CPLR 3404; that Zaretsky's Lyme disease provided an adequate excuse for the delay in prosecuting this action; that Zaretsky's affidavit of merit demonstrated a good and meritorious cause of action; that the only prejudice suffered by defendant due to the delay was the cost of maintaining the bond to discharge the mechanic's lien for an additional year; and that such costs would be assessed against plaintiff on the judgment entered after trial.

CPLR 3404 states as follows: "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

The rule followed by this Court has been that in order to avoid automatic dismissal pursuant to CPLR 3404, the action must be *actually* restored to the Trial Calendar within the one-year period after it has been stricken, i.e., the motion to restore must be granted and entered within the one-year time frame (*see, Mamet v Mamet*, 132 AD2d 479, *lv denied* 70 NY2d 611; *3 Park Ave. Co. v New York City Educ. Constr. Fund*, 109 AD2d 656). Today, however, we adopt the interpretation of the "one year" rule recently set forth by the Third Department in *Maida v Rite Aid Corp.* (210 AD2d 589), whereby the motion to restore is deemed timely if *made* within one year of the matter being stricken from the Trial Calendar. We concur in the Third Department's finding that court backlog, a particular problem in this Department, "could delay actual restoration of the matter to the trial calendar notwithstanding the proper [timely] making of such motion" (*supra,* at 590).

In the matter before us, the IAS Court did not abuse its discretion in restoring this action to the Trial Calendar upon plaintiff's timely motion and supporting submissions. Plaintiff

was required to demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, and the absence of prejudice to defendants in order to obtain relief (*Mamet v Mamet, supra*; *Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, *appeal dismissed* 69 NY2d 874; 22 NYCRR 202.21 [f]).

Plaintiff's factually scant showing as to the merit of its cause of action is nevertheless sufficient under the circumstances, since all it need show is "a substantial possibility of success in the action" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.05). Moreover, the opposing affidavits offer nothing to dispute the merit of the cause of action. Contrary to defendants' assertion, plaintiff's showing is more substantial than that at issue in *Brucculeri v Metro-North Commuter R. R. Co.* (216 AD2d 66).

As for the issue of prejudice to defendants due to the delay in prosecuting this action, the IAS Court's order sufficiently addressed defendants' sole substantive allegation in that regard by directing an assessment against plaintiff, on the judgment concluding this action, for the costs of maintaining the bond to discharge the mechanic's lien for an additional year.

Finally, plaintiff's medical excuse for the delay in prosecuting the action, while credible and compelling, lacks the medical documentation which has been held to be necessary to support such an excuse on a motion to restore (*Siskin v 221 Sullivan St. Realty Corp.*, 180 AD2d 544, *lv dismissed* 80 NY2d 826; *Brown v Brown*, 148 AD2d 377; *Falso v Norton*, 89 AD2d 635). However, defendants have failed to demonstrate, and we do not find, that it was an abuse of discretion by the IAS Court to grant restoration despite this shortcoming. The over-all circumstances in this matter: the merit of the claim; the relative brevity of the delay in filing the motion to restore; the lack of intent to abandon the action evidenced in the record; the amount at issue; and the lack of prejudice to the substantial right of any party, all militate in favor of restoration (*see,* CPLR 2001).

Accordingly, the order of Supreme Court, New York County (Edward H. Lehner, J.), entered on or about August 18, 1995, granting plaintiff's motion to restore this case to the Trial Calendar pursuant to CPLR 3404, is unanimously affirmed, without costs.

MURPHY, P. J., SULLIVAN, WALLACH and Ross, JJ., concur.

Order, Supreme Court, New York County, entered on or about August 18, 1995, affirmed, without costs and disbursements.