■ Steven L. Aaron et al., Appellants, v Greenberg & Reicher, LLP, Respondent. [889 NYS2d 455]—

The motion was properly denied because, in addition to being untimely as it was brought more than one year after the order dismissing the complaint was served upon plaintiffs (CPLR 5015 [a] [1]), plaintiffs have failed to demonstrate a reasonable excuse for their failure to appear for the preliminary conference following an adjournment that they had requested (*see Fink v Antell*, 19 AD3d 215 [2005]). Plaintiff Fell's assertion that his medical condition prevented him from remembering the adjourned date, or apparently even recalling that the matter had been adjourned, was unsupported by any relevant medical evidence (*see Siskin v 221 Sullivan St. Realty Corp.*, 180 AD2d 544 [1992], *lv dismissed* 80 NY2d 826 [1992]; *Falso v Norton*, 89 AD2d 635 [1982], *appeal dismissed* 57 NY2d 955 [1982]), and there is no reason proffered for why plaintiff Aaron was unable to remember the adjournment date or to inform the court of his alleged scheduling conflict.

In view of the foregoing, it is unnecessary to consider whether plaintiffs have demonstrated a meritorious cause of action (*see e.g. M.R. v 2526 Valentine LLC*, 58 AD3d 530, 532 [2009]). In any event, we note that they have not set forth such a claim. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.