■ ROKEYA BEGUM et al., Respondents, v JENNEH M. KALLON et al., Respondents. ACCREDITED HOME LENDERS, INC., Proposed Intervenor-Appellant. [909 NYS2d 643]—

In an action, inter alia, for the specific performance of a contract for the sale of real property, Accredited Home Lenders, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered July 25, 2008, as denied that branch of its cross motion which was for leave to intervene in the action as of right pursuant to CPLR 1012, and (2) from an order of the same court entered October 1, 2009, which denied its motion, denominated as one for leave to renew and reargue, but which was, in effect, one for leave to reargue.

Ordered that the appeal from the order entered October 1, 2009, is dismissed; and it is further,

Ordered that the order entered July 25, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants-respondents.

Under the facts of this case, the motion of Accredited Home Lenders, Inc. (hereinafter the appellant), for leave to intervene in this action as of right pursuant to CPLR 1012 based on the doctrine of equitable subrogation, made after a default judgment was entered against the defendants, was untimely (see T & V Constr. Corp. v Pratti, 72 AD3d 1065 [2010]; Vacco v Herrera, 247 AD2d 608 [1998]).

Further, the appellant's motion, denominated as one for leave to renew and reargue, was not based upon new facts (see CPLR 2221 [e] [2], [3]). Therefore, the motion was, in effect, a motion for leave to reargue (see CPLR 2221 [d]), the denial of which is not appealable (see Matter of Johnson v New York City Dept. of Educ., 73 AD3d 927 [2010]).

In light of our determination, we need not reach the appellant's remaining contentions. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.

Motion by the defendants-respondents on appeals from two orders of the Supreme Court, Queens County, entered July 25, 2008, and October 1, 2009, respectively, to strike stated portions of the proposed intervenor-appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated July 13, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted to the extent that those portions of the proposed intervenor-appellant's reply brief which refer to events that allegedly took place on January 7, 2010, are deemed stricken and have not been considered in the determination of the appeals (*see Matter of Scuderi [Scuderi]*, 247 AD2d 393 [1998]); and the motion is otherwise denied. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.