Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 13, 2011, which, in this personal injury action, denied defendants’ motion to, inter alia, vacate an order, same court and Justice, entered April 30, 2009, on defendants’ default, granting plaintiff’s motion to strike defendants’ answers, and a judgment, same court and Justice, entered July 31, 2009, in plaintiffs favor in the total amount of $201,498.61, following defendants’ default at the inquest, and to dismiss the complaint as abandoned pursuant to CELR 3215 (c), unanimously affirmed, without costs. Appeal from aforesaid order, entered April 30, 2009, unanimously dismissed, without costs, as taken from a nonappealable paper.
No appeal lies from an order entered on default (see BaezFerreira v Marte, 86 AD3d 434, 434-435 [1st Dept 2011]). Defendants’ remedy was an application to vacate the order pursuant to CELR 5015 (id.).
The court properly declined to dismiss plaintiffs complaint as “abandoned” under CELR 3215 (c). That subdivision does not *550 apply where, as here, the defendants served answers, albeit unverified ones (see Myers v Slutsky, 139 AD2d 709, 710 [2d Dept 1988]).
Defendants failed to proffer a reasonable excuse in support of their motion to vacate their defaults (see CPLR 5015 [a] [1]; LePatner & Assoc., LLP v Horowitz, 81 AD3d 472 [1st Dept 2011]). The record belies defendants’ claims that they believed the action was discontinued and that they were not served with various documents in this action, including notice of plaintiffs motion to strike their answers. Indeed, the record shows that defendants were served with and received notice of plaintiffs motion, and that they also failed to respond to approximately 39 letters, notices, demands, and correspondence regarding the action. In any event, defendants waived any objection to personal jurisdiction by not raising it in a pre-answer motion or in their answers (CPLR 3211 [e]).
In view of defendants’ lack of a reasonable excuse for their defaults, it is unnecessary to consider whether they have demonstrated a meritorious defense (see Aaron v Greenberg & Reicher, LLP, 68 AD3d 533, 534 [1st Dept 2009]).
Defendants failed to preserve their challenge to the amount of the judgment awarded to plaintiff, since they never objected to the amount at the trial level (see generally Griffin v Clinton Green S., LLC, 98 AD3d 41, 47 [1st Dept 2012]). In any event, were we to review their argument, we would find that the amount awarded is not excessive. Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ. [Prior Case History: 2011 NY Slip Op 31264(U).]