■ 5706 Fifth Avenue, LLC, Respondent, v Chamoun Ketri et al., Defendants, and Sami Louzieh, Also Known as Sami Louzia, Appellant. [17 NYS3d 733]—In an action to recover unpaid rent, the defendant Sami Louzieh, also known as Sami Louzia, appeals from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated November 6, 2013, which denied his motion pursuant to CPLR 5015 to vacate a prior order of the same court (Schneier, J.H.O.) dated June 5, 2013, entered upon his default, (2) an order of the same court (Bayne, J.) dated January 22, 2014, which, inter alia, denied his motion for leave to reargue and renew his prior motion to vacate and granted the plaintiff's cross motion for leave to enter a default judgment, and (3) a judgment of the same court (Bayne, J.) dated February 18, 2014, entered upon the orders dated November 6, 2013, and January 22, 2014, which is in favor of the plaintiff and against him in the total sum of $319,896.60.

Ordered that the appeals from the orders dated November 6, 2013, and January 22, 2014, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from so much of the order dated January 22, 2014, as denied that branch of the appellant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Brown Bark II, L.P. v Weiss & Mahoney, Inc.*, 90 AD3d 963 [2011]; *Begum v Kallon*, 77 AD3d 866 [2010]). Moreover, the appeal from so much of the order as denied the appellant's motion for leave to reargue and renew must be dismissed, as the appellant failed to include any of the relevant motion papers in the record on appeal (*see* CPLR 5526).

The appeal from the remaining portion of the order dated January 22, 2014, and the appeal from the order dated November 6, 2013, must be dismissed because the right of

direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeals from that portion of the order dated January 22, 2014, and the order dated November 6, 2013, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 5015 (a) (1) to vacate the order dated June 5, 2013, as the appellant failed to establish a reasonable excuse for his default (*see Pichardo-Garcia v Josephine's Spa Corp.*, 91 AD3d 413, 414 [2012]; *Perez v New York City Hous. Auth.*, 47 AD3d 505, 505-506 [2008]; *see also Gourdet v Hershfeld*, 277 AD2d 422 [2000]; *Eveready Ins. Co. v Devissiere*, 134 AD2d 323 [1987]; *Pedone v Avco Fin. Servs. of N.Y.*, 102 AD2d 885 [1984]). "In the absence of a reasonable excuse, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense" (*Duran v Milord*, 126 AD3d 932, 933 [2015]; *see also Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d 1025 [2015]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]).

The appellant's remaining contentions are without merit. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.