Ortiz v Lanzo (2022 NY Slip Op 50006(U))

[*1]

Ortiz v Lanzo

2022 NY Slip Op 50006(U) [73 Misc 3d 148(A)]

Decided on January 7, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through January 13, 2022; it
will not be published in the printed Official Reports.

Decided on January 7, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570983/15
Rosita Ortiz,
Plaintiff-Appellant,
against
Ivan Lanzo, Elizabeth Lanzo, Dominga Nieves Lanzo,
Defendants-Respondents,

Plaintiff appeals from an order of the Civil Court of the City of New York, New York
County (Phaedra F. Perry, J.), entered on February 19, 2021, which denied her motion, in effect,
to vacate a July 27, 2015 order granting on default defendant Ivan Lanzo's motion to dismiss the
complaint.

Per Curiam.
Order (Phaedra F. Perry, J.), entered on February 19, 2021, affirmed, without costs.
Civil Court providently exercised its discretion in declining to vacate plaintiff's default in
responding to defendant's motion to dismiss. Plaintiff failed to demonstrate a reasonable excuse
for her default (see GEM Invs. Am.,
LLC v Marquez, 180 AD3d 513 [2020]). Plaintiff's proffered excuse, i.e., that illness
prevented her from opposing the motion, was unsupported and unsubstantiated (see Guerre v
Trustees of Columbia Univ. in City of NY, 300 AD2d 29 [2002]).Nor did plaintiff set forth
any excuse for the more than four year delay in moving to vacate the default (see Maruf v E.B. Mgt. Props., LLC,
181 AD3d 670, 672 [2020]), particularly after having been expressly advised of such remedy
by this Court (see Ortiz v Lanzo, 50
Misc 3d 130[A], 2016 NY Slip Op 50004[U] [App Term, 1st Dept 2016]). 
Since plaintiff failed to demonstrate a reasonable excuse for her default, which is a necessary
precondition to relief under CPLR 5015(a)(1), her motion to vacate must be denied, regardless of
whether she demonstrated a potentially meritorious opposition to the motion (see M.R. v 2526 Valentine LLC, 58
AD3d 530 [2009]). 
In any event, we note that plaintiff failed to demonstrate a potentially meritorious defense to
the dismissal motion (see Karimian v
Karlin, 173 AD3d 614 [2019], lv dismissed 35 NY3d 932 [2020]), which was
premised upon the record evidence showing that a prior action involving the same subject matter
was previously litigated and dismissed. 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 7, 2022