Moore v Moore (2023 NY Slip Op 02656)

Moore v Moore

2023 NY Slip Op 02656

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-05652
 (Index No. 887/04)

[*1]Donald E. Moore, etc., appellant, 
v
Samuel Patrice Moore, et al., defendants, Shaul Amzalag, et al., respondents.

Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for appellant.
Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for respondent Shaul Amzalag.
Ganfer Shore Leeds & Zauderer, New York, NY (Mark A. Berman and Jeremy Francis of counsel), for respondent Bank of New York.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 26, 2020. The order, insofar as appealed from, (1) denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court dated January 10, 2020, granting the unopposed motion of the defendant Shaul Amzalag for the imposition of sanctions and, thereupon, striking the complaint and directing dismissal of the action, and (2) denied that branch of the plaintiff's separate motion which was for leave to amend the complaint.
ORDERED that the order dated June 26, 2020, is affirmed insofar as appealed from, with costs.
In January 2004, this action was commenced by the then-administrator of the estate of Samuel L. Moore, Jr. (hereinafter the decedent), alleging, inter alia, fraud and unjust enrichment arising out of the transfer of certain real property located in Brooklyn owned by the decedent. The complaint was thereafter amended and the plaintiff was substituted as administrator of the decedent's estate. In February 2020, the plaintiff moved, in effect, pursuant to CPLR 5015(a) to vacate an order dated January 10, 2020, granting an unopposed motion by the defendant Shaul Amzalag for the imposition of sanctions and, thereupon, striking the complaint and directing dismissal of the action (hereinafter the January 2020 order). The plaintiff also separately moved, inter alia, for leave to amend the complaint. In an order dated June 26, 2020, the Supreme Court, inter alia, denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the January 2020 order, and denied that branch of the plaintiff's separate motion which was for leave to amend the complaint. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the January 2020 order. "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a [*2]potentially meritorious opposition to the motion" (Seaman v New York Univ., 175 AD3d 1578, 1579; see Matter of Elaine Langer Trust, 179 AD3d 1063, 1063). Although a court has discretion to accept ill health of a litigant's attorney as an acceptable excuse for a default (see e.g. Dimopoulos v Caposella, 118 AD3d 739, 740; Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1023), a conclusory and unsubstantiated claim of ill health should be rejected (see Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 872; Lane v Smith, 84 AD3d 746, 748). Here, the plaintiff failed to provide any medical documentation or physician's affirmation to corroborate counsel's bare statement that she failed to appear for a court proceeding because she was recovering from a medical procedure.
Accordingly, there is no basis to disturb the Supreme Court's determination to deny the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate the January 2020 order.
In light of our determination, the plaintiff's contention regarding the denial of that branch of its separate motion which was for leave to amend the complaint has been rendered academic.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court