Fuchs-Goren v Goren (2024 NY Slip Op 03736)

Fuchs-Goren v Goren

2024 NY Slip Op 03736

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02708
 (Index No. 54167/19)

[*1]Iris Fuchs-Goren, respondent,
v
Robin Goren, appellant. 

YK Law LLP, New York, NY (Pankaj Malik of counsel), for appellant.
Hannon De Palma, LLC, White Plains, NY (Sherene De Palma of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated April 7, 2022. The order denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated October 22, 2021, as granted that branch of the plaintiff's unopposed motion which was to authorize the sale of the marital residence.
ORDERED that the order dated April 7, 2022, is affirmed, with costs.
The plaintiff and the defendant were married in March 2005. In March 2019, the plaintiff commenced this action for a divorce and ancillary relief. In September 2021, the plaintiff moved, inter alia, to authorize the sale of the marital residence. The defendant did not oppose the motion. In an order dated October 22, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion.
In February 2022, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated October 22, 2021, as granted that branch of the plaintiff's motion which was to authorize the sale of the marital residence. In an order dated April 7, 2022, the Supreme Court denied that branch of the defendant's motion. The defendant appeals. We affirm.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Moore v Moore, 216 AD3d 938, 939 [internal quotation marks omitted]; see CPLR 5015[a][1]; Melamed v Adams & Co. Real Estate, LLC, 208 AD3d 867). Notably, "[a]lthough the courts have adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant seeking to vacate a default . . . pursuant to CPLR 5015(a)(1) to demonstrate a reasonable excuse for his or her default [in opposing the motion] and the existence of a potentially meritorious [opposition to the motion]" (Ward v Ward, 172 AD3d 955, 956; see Diaz v Diaz, 71 AD3d 947, 948). "[A] conclusory and unsubstantiated claim of ill health should be rejected" (Moore v Moore, 216 AD3d at 939; see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429). "The absence of a reasonable excuse for the default renders it unnecessary to determine whether the [movant] demonstrated the existence of a potentially meritorious [opposition to the [*2]motion]" (Cervini v Cisco Gen. Constr., Inc., 123 AD3d 1077, 1077 [internal quotation marks omitted]; see Diaz v Diaz, 71 AD3d at 948).
Here, in support of his motion, the defendant submitted an affidavit in which he averred, inter alia, that at the time of the plaintiff's September 2021 motion, among other things, to authorize the sale of the marital residence, the defendant was not represented by counsel and was experiencing mental and physical health issues. Notably, the record is silent as to what, if any, efforts the defendant made to secure new counsel after his prior counsel was relieved in June 2021. More importantly, the defendant failed to substantiate his claim that he had a mental illness that prevented him from responding to the plaintiff's motion. Accordingly, the defendant failed to establish a reasonable excuse for his default (see Moore v Moore, 216 AD3d at 939; Matter of Amirah Nicole A. [Tamika R.], 73 AD3d at 429).
In light of our determination, we need not consider the parties' remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court