28-18 31st St., LLC v Muso (2025 NY Slip Op 50702(U))

[*1]

28-18 31st St., LLC v Muso

2025 NY Slip Op 50702(U)

Decided on April 14, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 14, 2025
Civil Court of the City of New York, Queens County

28-18 31st Street, LLC, Petitioner,

against
Jessica Aeja Muso, et. al., Respondents.

Index No. 303501/2022

For Petitioner: 
Horing, Welikson Rosen & Digrugilliers, P.C. Firm
11 Hillside Avenue
Williston Park, New York 11596
For Respondent:
New York Legal Assistance Group Firm
100 Pearl Street 
19th Floor
New York, New York 10004

Shorab Ibrahim, J.

The court has reviewed the following documents in reaching its decision on respondent's motion to vacate her original default in answering: Order to Show Cause [NYSCEF Doc No. 32], Attorney Affirmation [Doc. 30], Respondent Affirmation [Doc. 31], Affirmation in Opposition [Doc. 34], Opposition Exhibits [Nos. 35-37].
DISCUSSION
This is a non-payment proceeding. Petitioner obtained a final judgment of possession and a warrant of eviction when the respondent answered but then failed to appear on February 23, 2023. After a marshal's notice was served, the respondent moved to stay the eviction by order to show cause dated November 12, 2024. In her supporting affidavit, the respondent makes no mention of why she defaulted or why she had not returned to court in the interim twenty (20) months. (see NYSCEF Doc. 21). As it was respondent's first appearance in court in this matter on the return date of the order to show cause, the matter was adjourned to see if she could retain counsel. Counsel filed a notice of appearance on January 10, 2025.
On January 13, 2025, the court [Hon. J. Guthrie] issued an order that stayed execution of the warrant of eviction through March 15, 2025, for payment of $64,384.32, on the condition [*2]January and February rents were paid by February 28, 2025. The court also denied respondent's counsel's application to adjourn the case for submission of supplemental papers.
Rather than appeal that order [or moving to reargue], respondent now moves to vacate the February 23, 2023 default. Respondent alleges as her excusable reason for non-appearance that she suffered seizures starting in 2021 and suffered a grand mal seizure shortly after she answered. She alleges continuing issues with seizures; she states that medication has improved her condition since August 2024. Respondent alleges these seizures caused memory loss. As to a meritorious defense, respondent alleges there was no lease in effect when this case was commenced. (see Muso affirmation at NYSCEF Doc. 31).
Petitioner opposes and argues that Judge Guthrie's prior order necessarily means he found no good cause to vacate the default. The proper route, petitioner submits, was for respondent to move to reargue the prior order. Petitioner further argues respondent has not shown both an excusable default and meritorious defense. 
Respondent moves under CPLR 5015(a)(1). Under this provision, a default in answering or appearing can be vacated if the movant demonstrates a reasonable excuse for the default and a potentially meritorious defense. (see Zirrith v Rego, 230 AD3d 626, 626 [2nd Dept. 2024]; Bank of America, N.A. v Patino, 128 AD3d 994, 994 [2nd Dept. 2015]; Eugene Di Lorenzo, Inc. v A. C. Dutton Lumber Co., 67 NY2d 138, 141 [1986]).
Reasonable Excuse
What constitutes a reasonable excuse for a non-appearance is within the sound discretion of the court. (see Lee v Mascarenas, 219 AD3d 928, 929 [2nd Dept. 2023]; Lane v Smith, 84 AD3d 746, 747-48 [2nd Dept. 2011]).
Here, respondent's claims of ill health (seizures and memory loss) are entirely unsupported. "Where the excuse for the nonappearance is based on medical grounds, the movant must demonstrate a genuine incapacity to attend the court appearance, normally by corroborative medical documentation." (Hawthorne Gardens Owners Corp v Jacobs, 47 Misc 3d 148(A), 1 [App Term, 2nd Dept. 9 & 10 Jud. Dists. 2015] (emphasis added)).
Other courts have taken an even harder line finding that unsubstantiated claims of health issues preventing an answer or appearance "should" be rejected. (see Moore v Moore, 216 AD3d 938, 939 [2nd Dept. 2023]; Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429 [1st Dept. 2010]).
Even when medical documentation is submitted, the courts require a showing that the illness or condition directly led to the non-appearance. In Matter of Nicole A., the defaulting party documented submitted medical documentation, but it was "silent as to her medical condition on the date of the hearings, thus failing to evince that she was in fact ill on that date." The court held, "[a]ccordingly, respondent fails to substantiate her claim that illness prevented her from attending the hearings and for this reason alone she fails to establish a reasonable excuse for her default." (id.).
These are not isolated cases. Numerous case examples reveal that, while it may be difficult to vacate a default based on claims of illness, it is almost impossible to do so when the application is not supported with medical documentation linking the illness to the default. (see e.g. Aaron v Greenberg & Reicher, LLP, 68 AD3d 533, 534 [1st Dept. 2009] (Plaintiff Fell's assertion that his medical condition prevented him from remembering the adjourned date, or apparently even recalling that the matter had been adjourned, was unsupported by any relevant [*3]medical evidence); HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603 [2nd Dept. 2023] (failed to submit any medical proof documenting attorney's alleged illness); Nationstar Mortg., LLC v Hassanzadeh, 228 AD3d 948, 950 [2nd Dept. 2024]; 1312 Coney Island, LLC v Spraigion, 81 Misc 3d 128(A), 1 [App Term, 2nd Dept. 2, 11, 13 Jud. Dists. 2023] (no documentation to substantiate its claim that its agent was ill on the court date in question); Guerre v Trustee of Columbia Univ. in the City of New York, 300 AD2d 29, 29 [1st Dept. 2002]; Ortiz v Lanzo, 73 Misc 3d 148(A), 1 [App Term, 1st Dept. 2022]; Dexter 345, Inc. v Belem, 37 Misc 3d 134(A), 1 [App Term, 1st Dept. 2012]; Ursula Realty v Kirnon, 20 Misc 3d 142(A), 1 [App Term, 1st Dept. 2008]; Siskin v 221 Sullivan Street Realty Corp., 180 AD2d 544, 544 [1st Dept. 1992] (no medical documentation showing party incapacitated by alleged ailment)).
The court does not suggest that the respondent was not and is not suffering from the ailments she claims. However, even where medical excuse could be considered credible, medical documentation is required. (see Ronsco Const. Co, Inc. v 30 East 85th Street Co., 219 AD2d 281, 284 [1st Dept. 1996]). This is especially true where the motion to vacate the default is made more than two years after said default.
Based on the above, respondent has failed to establish an excusable reason for her initial default. As such, the court has no cause to consider the alleged meritorious defense. (see 5706 Fifth Ave., LLC v Ketri, 132 AD3d 630, 631 [2nd Dept. 2015]; Nationstar Mortg., LLC v Hassanzadeh, 228 AD3d at 950; Nurhan v Harley,  NYS3d, 2025 WL 979851 [2nd Dept. 2025]).
As such, the court will not address the argument that respondent's prior motion and Judge Guthrie's order collectively bar the relief sought.
Extension of Time
Although there are no grounds to vacate the initial default, the court finds respondent has demonstrated at least minimum good cause for a short stay so that the arrears can be paid. As such, the motion is granted solely to the extent of staying execution of the warrant through May 16, 2025, for payment $67,685.20 in arrears through March 2025. April and May rent must also be paid by May 16, 2025. A marshal's notice can be mailed upon any default.
To the extent that respondent is stymied in applying for help with any agency because she does not have a current lease, respondent may move this court for appropriate relief if one is not provided within (7) days of written request for same made to petitioner's counsel. (see e.g. Patbru Realty Co, LLC v Bryant, 81 Misc 3d 1249(A), 4 [Civ Ct, Bronx County 2024] (noting that while the court cannot order petitioner to provide a lease, it can stay a case if petitioner is frustrating respondent's efforts to obtain the arrears), citing Dino Realty Corp. v Khan, (46 Misc 3d 71, 73 [App Term, 2nd Dept. 2014]).

CONCLUSION
The motion to vacate the final judgment entered based on respondent's non-appearance in February 2023 is denied. The request to stay execution of the warrant for payment of arrears is granted as stated above.
This constitutes the Decision and Order of the court. It will be posted on NYSCEF.
Dated: April 14, 2025
Queens, New York
SO ORDERED, 
HON. SHORAB IBRAHIM, JHC