US Bank N.A. v Scaffidi (2025 NY Slip Op 03094)

US Bank N.A. v Scaffidi

2025 NY Slip Op 03094

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08544
 (Index No. 26824/08)

[*1]US Bank National Association, etc., respondent,
v
Carmelo Scaffidi, etc., appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Aldridge Pite, LLP, Melville, NY (Christopher E. Medina of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carmelo Scaffidi appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated October 15, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was to vacate a judgment of foreclosure and sale of the same court (Carol Mackenzie, J.) dated September 23, 2010.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Blanca R. Scaffidi (hereinafter Blanca), among others, to foreclose a mortgage encumbering certain real property located in Patchogue (hereinafter the property). In July 2008, Blanca was served with process but failed to answer the complaint or otherwise appear in the action. On September 23, 2010, the Supreme Court issued a judgment of foreclosure and sale upon Blanca's default, directing the sale of the property.
In January 2012, Blanca died. On September 16, 2014, limited letters of administration were issued to Blanca's husband, Carmelo Scaffidi (hereinafter Carmelo).
In June 2016, Carmelo's motion, inter alia, pursuant to CPLR 5015 to "dismiss[ ]" the judgment of foreclosure and sale was denied. In August 2018, Carmelo's motion, among other things, pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the judgment of foreclosure and sale was denied.
In October 2019, the plaintiff's motion to substitute Carmelo, in his capacity as administrator of Blanca's estate, in place of Blanca was granted.
In August 2020, Carmelo again moved, inter alia, to vacate the judgment of foreclosure and sale. In an order dated October 15, 2021, the Supreme Court, among other things, denied that branch of his motion. Carmelo appeals.
A "defendant in default is not entitled to affirmative relief of a non-jurisdictional nature absent vacatur[ ] of his or her default" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157 [internal quotation marks omitted]). To vacate a default in appearing and answering a complaint, a defendant must demonstrate a reasonable excuse for the default and the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Senenfelder, 225 AD3d 728, 729).
Here, Carmelo was substituted for Blanca, who was in default in answering or appearing. Therefore, before Carmelo could be granted any affirmative relief, he was required to seek and obtain vacatur of Blanca's default in answering or appearing by demonstrating a reasonable excuse for her default and the existence of a potentially meritorious defense (see id.; see generally Estate of Schneider v Finmann, 15 NY3d 306, 309). However, Carmelo's moving papers failed to seek vacatur of Blanca's default in answering, let alone assert that she had a reasonable excuse for failing to timely answer the complaint (see Wells Fargo Bank, NA v Stewart, 229 AD3d 584, 586; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1428). Moreover, Carmelo's proffered excuse that Blanca's medical condition was responsible for her failure to answer the complaint was improperly raised for the first time in reply (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674) and, in any event, was insufficient to demonstrate a reasonable excuse, as it was without evidentiary support (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950; Moore v Moore, 216 AD3d 938, 939).
Because Carmelo failed to establish a reasonable excuse for Blanca's default, it is unnecessary to consider whether he established the existence of a potentially meritorious defense (see Wells Fargo Bank, NA v Stewart, 229 AD3d at 585-586).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied that branch of Carmelo's motion which was to vacate the judgment of foreclosure and sale.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court