Matter of Fisher v New York City Off. of Admin. Trials & Hearings (2025 NY Slip Op 04091)

Matter of Fisher v New York City Off. of Admin. Trials & Hearings

2025 NY Slip Op 04091

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-05724
 (Index No. 529660/22)

[*1]In the Matter of Eugene Fisher, appellant, 
v
New York City Office of Administrative Trials and Hearings, et al., respondents.

Gil V. Perez, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Antonella Karlin of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings dated September 22, 2022, which denied the petitioner's motion to vacate his default in appearing at a hearing, the petitioner appeals from a judgment of the Supreme Court, Kings County (Gina Abadi, J.), dated March 15, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On June 9, 2021, the New York City Department of Buildings (hereinafter DOB) issued a summons to the petitioner for alleged plumbing violations. The petitioner failed to appear at a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH) on May 2, 2022. OATH granted the petitioner's motion to vacate his default in appearing at the hearing, and a new hearing was scheduled for September 12, 2022.
According to the petitioner, on Friday, September 9, 2022, he requested a new hearing date, and the request was denied on the ground that it was not received three business days before the scheduled hearing on September 12, 2022. The petitioner did not appear at the hearing on September 12, 2022.
The petitioner moved to vacate his default in appearing at the hearing. In a determination dated September 22, 2022, OATH denied the motion based upon 48 RCNY 6-21, which provides, in part: "(e) Defaulting twice on the same summons. (1) If, after a request for a new hearing has been previously granted, a Respondent defaults on the same summons, the second default shall not be eligible for a request for a new hearing. The second default decision is the Tribunal's final determination and is not subject to review or appeal at the Tribunal. Judicial review of the decision may be sought pursuant to Article 78 of the New York Civil Practice Law and Rules. (2) Notwithstanding the forgoing, upon application, the Chief Administrative Law Judge or his or her designee may grant a new hearing after default upon a showing of exceptional circumstances and in order to avoid injustice." OATH determined that the petitioner failed to demonstrate exceptional circumstances for his failure to appear.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review OATH's determination to deny his motion to vacate his default. As an excuse for his default, the petitioner asserted that his counsel witnessed the first airplane crash into the World Trade Center on September 11, 2001, and from that time has never scheduled anything between September 1 and September 15. The petitioner further asserted that the hearing could not proceed on September 12, 2022, because DOB never complied with discovery. In a judgment dated March 15, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review in this proceeding pursuant to CPLR article 78 is limited to whether there is a rational basis in the record for the determination and whether the determination was arbitrary and capricious (see Matter of Heintz v Brown, 80 NY2d 998, 1001). Here, OATH's determination to deny the petitioner's motion to vacate his default had a rational basis and was not arbitrary and capricious. The petitioner was ruled in default for failure to follow proper procedures and failure to demonstrate exceptional circumstances for his failure to appear at the hearing on September 12, 2022.
The excuse for the failure to appear at the hearing allegedly was trauma experienced by the petitioner's counsel some 21 years earlier, on September 11, 2001. However, there was no corroborative evidence submitted of mental trauma, such as an affirmation from a psychologist. As this Court noted in Moore v Moore (216 AD3d 938, 939), "[a]lthough a court has discretion to accept ill health of a litigant's attorney as an acceptable excuse for a default, a conclusory and unsubstantiated claim of ill health should be rejected" (citations omitted).
The petitioner's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court